defendant's counsel that he could ask the question again, and the court would admit it, it having been stricken out merely for the purpose of allowing the plaintiff to make a timely objection to the question.    To that the counsel for the defendant excepted, and refused to repeat the question.    This was a mere matter of procedure upon the trial, and was within the power of the court; and the defendant, having refused to ask the question again, waived any objection to striking the testimony out as it stood.    The court expressly stated to the counsel for the defendant that he could ask the question again, and that the court would allow it; and the defendant, having refused to avail himself of this permission, cannot now urge his objection or exception to the striking out of the testimony. The testimony was not very material, and we cannot see that it would have had any effect upon the verdict if it had been allowed to stand.

We have examined the other objections to the testimony, and think that none of them are material, or call for any extended examination.    No error has been called to our attention, by the defendant, of sufficient importance to justify us in reversing the judgment.    We think, therefore, the judgment should be affirmed, with costs.    All concur.

GAMACHO v. HAMILTON BANK-NOTE & ENGRAVING CO.

(Supreme Court, Appellate Division, First Department.   March 6, 1896.)

1. CORPORATIONS—CONTRACTS—AUTHORITY OF OFFICERS—PRESUMPTIONS.
    There is no presumption of law that the general manager of a corporation, who is charged with the administration of the current business, has authority to bind the company by a special contract of employment for a period of three years.
2. SAME—APPARENT AUTHORITY.
    The fact that the general manager of a corporation is in the habit of employing for indefinite periods ordinary servants, subject to discharge at will, is insufficient to show apparent authority to make a special contract of employment for three years.
3. SAME—RATIFICATION—KNOWLEDGE OF EMPLOYMENT.
    Mere knowledge by a corporation that a person is in its employ will not ratify the terms of a written contract for his employment, made by one of the officers without authority.
4. SAME—CORPORATE RECORDS.
    The copying of the letters constituting such contract into the company's letter book is not a ratification, if it was done by the direction of the officer who made the contract, and no knowledge thereof was brought home to other officers.

Appeal from circuit court, New York county.

Action by Simon B. Gamacho against the Hamilton Bank-Note & Engraving Company to recover on a contract for services.    From a judgment dismissing the complaint, plaintiff appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Eustace Conway, for appellant.
William L. Turner, for respondent.

PATTERSON, J.   In the complaint in this action it was alleged that the plaintiff and the defendant corporation, on the 17th day of June, 1893, entered into a contract in writing, by which the former was employed to render services to the latter for a period of three years from the date mentioned, and upon a sliding scale of compensation, viz. that for the first three months being at the rate of $2,000, and an increase at fixed periods in an agreed ratio, so that for the last year's services the compensation would be at the rate of $4,840. The writings claimed to contain the terms of this contract consist, as set forth in the complaint, of two letters, one of which is signed by the plaintiff, and directed to Charles E. Gray, as vice president and general manager of the defendant.   This letter is in the following words:

"I beg to state herein my understanding of the agreement made between your company and myself, which understanding please confirm. I am to enter into the service of your company for the term of three years from the 19th day of June, 1893, with such an official title as you may hereafter designate, to advance said company's interests, to assist you in the conduct of its business, and to sell the goods manufactured by it either at home or abroad to the full extent of my ability."

Then follows the statement as to salary.   In answer to this, Gray, signing as vice president and manager, wrote to the plaintiff under the same date as follows:

"I am in receipt of your favor of to-day, in which you name the understanding of the agreement made between this company and you for the period of three years, which understanding I hereby confirm, and bind this company to carry out."

The plaintiff then proceeds to state that on the 9th day of September, 1893, he demanded payment of a month's salary under the said contract, and that on the 19th of October, 1893, he demanded payment of another month's salary under the contract.   The action was brought to recover on such two causes of action.   The answer is substantially a general denial of liability.  When the case came on for trial, the counsel for the plaintiff offered in evidence the two letters which were set forth in the complaint, and which are above referred to, and they were rejected by the court on the ground that no authority was shown on the part of Mr. Gray to enter into the contract, and that there was no evidence sufficient to establish a ratification of the plaintiff's employment; and thereupon, for lack of any evidence to support the plaintiff's case, the complaint was dismissed, to which ruling the plaintiff duly excepted, and that ruling is now the only subject for review which upon this record comes properly before us.

It is conceded that there is nothing appearing in the case to show that Mr. Gray had, by virtue of any powers conferred upon him by the by-laws of the corporation, or by the express delegation of the directors, the ability to make a contract binding upon the corporation of the character of that in suit.   But it is claimed by the plaintiff that, in making his arrangement with Gray, he was entitled to rely upon the apparent authority which he exercised as general manager, and upon the assumption that, as general manager, it was within his province to make this contract of employment.

In the absence of proof of what exact authority belongs to a person descriptively styled a "general manager," there is no rule by which a court can be guided in determining what the powers of such an official really are, except such as the evidence in a particular case may furnish of what the person has done in the general course of the business of the corporation. That the words "general manager" would import that the person bearing that title is a general executive officer for all the ordinary business of the corporation is all that may properly be inferred; and this would justify, in connection with proof of acts done, a conclusion that all ordinary contracts made by such an official are authorized by the corporation. But no presumption of law can be indulged in that, because a person acts as such a manager, he has the power to bind his principal to contracts of an extraordinary nature, and of such a character as would involve the corporation in enormous obligations and for long periods of time. If a general manager, simply by virtue of his being charged with the ordinary conduct of the business, would have the right to bind his principal to a contract for services for three years, involving the obligation to pay thousands of dollars of salary to an employé, why may not that power extend indefinitely, so that he may make contracts for all employés for indefinite periods, and thus assume to himself a power which it cannot be supposed was ever intended to be lodged in him? That this position of the plaintiff was an important one, and outside of the usual contracts of employment, is apparent from the fact that not only is the compensation larger in amount, and the period a long one, but it seems that it was regarded by the plaintiff of so much consequence that it was to be dignified with an official title, for which even a stipulation was made.

The cases referred to by the counsel for the appellant, concerning the holding out of an agent to a party dealing with him in good faith, require no consideration. The doctrine they announce is not to be disputed. It is a question of fact, though, whether Gray was acting within the scope of an apparent authority when he undertook to bind the defendant by this contract.

It therefore remains to be ascertained whether or not, acting as manager, Mr. Gray performed such duties or made such contracts as would justify this plaintiff in relying upon an apparent authority; that is to say, an authority derived from acts of the agent, recognized by the principal, and which therefore may be presumed to be within the authority conferred upon the agent. Upon this subject we have no evidence whatever except the testimony given by the plaintiff himself. He states that Mr. Gray was in the habit of employing and discharging employés; but there is nothing whatever to show that any of the employés thus hired or discharged by Mr. Gray were more than ordinary servants of the company employed for short periods; and there is nothing to show that Mr. Gray ever made any contract with any employé for any fixed period of time, or involving any other than a temporary employment, subject to discharge at the volition of the agent or general manager, or of other officers of the corporation. That testimony is utterly

insufficient to lay the foundation for an inference that the general manager possessed an authority to make so extensive and unusual a contract as that which is set up by this plaintiff.

It is also claimed on the part of the plaintiff that although there may have been an absence of original authority, still there was a ratification of the act of Mr. Gray in making the contract counted upon in the complaint. Of course, if this contention is well founded, the right of recovery would be as absolute as if an original binding contract had been proven. But here we find that the evidence completely fails to establish the ratification. Certainly, it is not to be deduced from any relation to the subject of Mr. Seebeck, who was president of the company at the time the letters were written. The plaintiff testifies that Mr. Seebeck was in and out, and saw him rendering services. The mere fact that such services were rendered would not put the defendant upon inquiry as to the existence of a contract in writing. Nor is it a ratification of any terms or conditions of any employment which might have been made without due authority. Harrington v. Bank, 1 Thomp. & C. 361. But it is obvious from the plaintiff's own testimony that Mr. Seebeck was not aware of the facts connected with the employment, and there can be no ratification without knowledge of the facts. The plaintiff testifies that at a certain interview, had just before his discharge, Mr. Schaeffer and Mr. Seebeck were present. He says:

"I told both of these gentlemen the circumstances of having come into the company's employ, and showed them the press-copy letter and his [Mr. Gray's] answer, at which they expressed great surprise, and Mr. Seebeck some indignation, and some commiseration for me."

The mere copying of letters into the letter book of the defendant corporation does not constitute a ratification if that were directed by Mr. Gray, and no knowledge brought home to other officers of the company. The copying of letters into letter books would have no more significance than Gray's signing his name to the original letter.

We are of opinion that, upon the whole case, the court was right in rejecting the evidence of the two letters alleged to have constituted the contract, and upon these grounds: First. That it is not to be inferred as matter of law that an agent who was a mere general manager of a business, by which term is meant one charged with the executive administration of the current business of the corporation, has the authority to bind his principal to any contract to run for a series of years, in the absence of proof of authority to make such a contract. Second. That while such an authority may be inferred from evidence of acts of the general manager, known to and acquiesced in by the officers of the corporation, yet the proof in this case is wanting in that element, and there is no proof of such acts as would have justified the plaintiff in relying upon an apparent authority to make the contract on which this action is brought. Third. That there is no proof of ratification with knowledge of the contract.

The plaintiff having sued on the contract, and not upon a quantum meruit, and the effect of a judgment in his favor being to

make a binding adjudication, entitling him to recover for subsequent breaches, the judgment must be affirmed, with costs. All concur.