FRED NOLL, Respondent, *v.* ARCHER-PANCOAST COMPANY, Appellant.

*Manufacturing corporation — power of an officer to contract for the burial of an employee killed in its factory.*

Where an employee of a corporation is killed in its factory under such circumstances as to raise a question as to the negligence of the corporation, the principal officers of the corporation have apparent authority to make a contract for the burial of the deceased employee which will be binding upon the corporation.

Evidence that the superintendent of the corporation sent for and engaged an undertaker to take charge of the body of the deceased employee and referred the undertaker to another officer of the corporation to perfect the details and that the undertaker was in communication with various persons bearing official relations to the corporation and carried on a portion of his labors under the personal supervision of an employee of the corporation delegated for that purpose, is sufficient to establish the corporation's liability to the undertaker.

APPEAL by the defendant, Archer-Pancoast Company, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, rendered on the 8th day of January, 1901, upon the decision of the court.

*Charles M. Whitney,* for the appellant.

*Nall & Hatch,* for the respondent.

WOODWARD, J. :

On October 14, 1900, the plaintiff in this action, an undertaker, was called to the factory of the defendant and requested by one Hoffman, superintendent of the said factory, to take charge of the body of a man who had met his death by falling through a hatch-way. He was introduced and referred to several persons having official relations with the defendant during the negotiation as to the price to be charged, and other details of the funeral, and it was finally agreed that he should be paid $100 for the work. A bill was presented to the defendant for this amount, and the figures were not disputed, but payment was refused. Upon the trial before a justice of the Municipal Court judgment was entered for the plaintiff for the full amount of the claim, with costs.

The defendant appeals to this court, urging in substance that there was never any contract between the plaintiff and defendant, and, if such a contract was made, it was outside of the scope of the purposes for which the corporation was organized, etc. The evidence clearly discloses that the plaintiff was sent for by an officer of the corporation ; that he was engaged by such officer, and was referred to another officer to perfect the details; he was in communication with various persons bearing official relations to the corporation, and carried on a portion of his labors under the personal supervision of an employee of the corporation delegated for that purpose. The question of compensation was discussed and agreed upon, and the amount of plaintiff's claim was not disputed, but the defendant appears to rely upon the proposition that no formal action of the corporation was taken, or, if the corporation acted, that it was outside of its authority. This court has held that where a person enters the business place of a corporation, and is referred by the person found in charge of the office to some particular party as a proper person for the transaction of the particular business in hand, the presumption must be that such person is authorized to bind the corporation. In *Simmons* v. *Thompson* (29 App. Div. 559, 562) the court say that " it needs no citation of authority to establish the proposition that when an officer of a corporation, high in rank, is engaged in the transaction of the business of the corporation at its place of business, the corporation is bound by any agreement that he makes which is apparently within his authority."

An employee of the defendant had fallen through a hatchway in the building occupied by it as a factory, and was killed, and we may assume that the circumstances were such as to raise a question as to the negligence of the defendant. Under such conditions it is idle to say that a contract for the burial of the deceased was not within the apparent authority of the principal officers of the corporation. The doctrine of *ultra vires* has nothing to do with the incidental contracts of the corporation entered into for promoting the general purposes of its creation; and whether the contract for the burial was prompted by a desire to mitigate the damages which might be claimed by the survivors of the deceased employee, or was suggested by a business policy calculated to increase the fidelity of employees to the interests of the corporation, or by a higher and better motive, is of no importance. The contract was suggested by the corporation through its principal officers, it was carried out and performed on the part of the plaintiff, and the rule is well settled that the plea of *ultra vires* should not, as a general rule, prevail, when it would not advance justice, but, on the contrary, would produce a legal wrong. (*Rider Life Raft Co.* v. *Roach*, 97 N. Y. 378, 381, and authorities cited.)

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment of the Municipal Court affirmed, with costs.