GEORGE KARSCH, Respondent, *v.* POTTIER & STYMUS MANUFACTURING AND IMPROVEMENT COMPANY, Appellant.

*Note indorsed by the secretary of a manufacturing corporation — he is not necessarily an officer of the corporation — what proof is required as to the secretary's authority to do so — proof required in the case of a non-business corporation — the defense of* ultra vires *must be pleaded.*

The secretary of a manufacturing corporation is not necessarily an officer thereof, and may have no authority to indorse, in the name of the corporation, a promissory note made payable to it.

In an action against the corporation upon such a note, proof that the note was indorsed by the secretary is not, of itself, sufficient to render the note admissible in evidence against the corporation.

If, however, such proof is supplemented by testimony tending to show that the secretary had authority to indorse the note on behalf of the corporation, and that the plaintiff paid value therefor, the note is admissible, and the liability of the corporation is, *prima facie*, established.

The burden is then upon the corporation to show that the act of the secretary was not authorized or ratified, either by affirmative action or by receiving the benefit of the transaction.

Where a *prima facie* case is established against a business corporation, the defense of *ultra vires* is not available to the corporation unless it is pleaded and proved.

*Semble,* that, as to a religious or other corporation not engaged in business, a business act charging it with liability must be shown to have been authorized before liability will attach.

APPEAL by the defendant, the Pottier & Stymus Manufacturing and Improvement Company, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 8th day of July, 1902, granting the plaintiff's motion for a new trial made upon the minutes.

· *Henry B. Anderson,* for the appellant.

*Uriah W. Tompkins,* for the respondent.

HATCH, J.:

The complaint avers that the defendant is a domestic corporation; that on the 10th day of August, 1897, William H. Paulding made his certain promissory note in writing, whereby he promised to pay to the order of the defendant, three months after date, the sum of $7,500 with interest thereon at the rate of six per cent, and delivered said note to the defendant; that thereafter and before maturity, the defendant duly indorsed said note and delivered the same for value, and it came into the possession of the plaintiff for value before maturity; that when the said note became due and payable, it was duly presented for payment at the place where the same was made payable, and payment thereof demanded, which was refused, whereupon the note was duly protested for non-payment, of all of which the defendant had due notice; that the said note was made and delivered as aforesaid for a renewal of a note theretofore made

and indorsed by the same parties, and delivered to this plaintiff for value; that on the 4th day of December, 1897, the maker of said note died wholly insolvent. The defendant by its answer practically denies and puts in issue every allegation of the complaint, except the incorporation of defendant. Upon the trial, plaintiff called Samuel D. G. Johnston, who testified that he was the secretary of the defendant at the time the note was made and indorsed; that the indorsement upon the note was in his handwriting; that after he so indorsed it he returned it to the maker; that he did not know what he did with it. The note was then offered in evidence, and was objected to by the defendant, the grounds of the objection not being stated; the objection was sustained to which plaintiff duly excepted. Plaintiff then called John M. Karsch, a brother of the plaintiff, who testified that he had seen the note in question before; that he knew the signature of the maker of the note; that he had seen such person write before and had seen him sign his name thousands of times. The witness was not allowed to testify whose signature it was, under objection by the defendant that the signature could not be proven in that way. The plaintiff then by various witnesses attempted to show that the note was given for value; that it was the renewal note of a series of notes given for value; that the indorsement of the defendant's name was done by the secretary, Mr. Johnston, with due authority; all of which was objected to by the defendant; the objections were sustained by the court, to which ruling the plaintiff excepted. The plaintiff then rested, and upon motion of defendant the complaint was dismissed. The plaintiff thereafter made a motion at Special Term for a new trial upon the grounds stated in section 999 of the Code of Civil Procedure, which motion was granted, and from the order entered thereon this appeal is taken.

It appeared that the maker, Paulding, was the president of the defendant, and that Johnston was its secretary. It did not appear, therefore, upon the face of the note that it was the act of the corporation. Paulding executed the same in his individual capacity, and the indorsement was by the defendant, through Johnston as secretary. A secretary is not necessarily an officer of a corporation. He may hold such position and yet be without authority to bind the corporation by his acts. Consequently, the note standing alone

when offered in evidence would not have been technically admissible without further proof. The proof offered, however, to show the signature to the note by Paulding and that it was in his handwriting was competent, as it was one of the steps in the establishment of its validity. It was also competent to prove the indorsement by the secretary, and this, if followed up by proof showing that the secretary was authorized to indorse the note by the corporation, then a case would be made which *prima facie* established the liability of the defendant to pay the same. Under such circumstances, the plaintiff having taken the note and paid value therefor, he is presumed to be a holder in due course within the provisions of the Negotiable Instruments Law. (Laws of 1897, chap. 612, §§ 50, 91, 98.) The same result follows from the rule of law applicable to commercial paper independent of the Negotiable Instruments Law. (*Cheever* v. *Pittsburgh, etc., R. R. Co.*, 150 N. Y. 59.) The plaintiff offered testimony tending to show that the secretary of the corporation indorsed the same and that such act was done by the authority of the corporation. Had this fact appeared the note would be admissible in evidence and a *prima facie* case would have been made against the corporation charging it with liability. Under such circumstances, the burden is cast upon the corporation to show that the act was not authorized or ratified, either by affirmative action or by receiving the benefits of the transaction. (*Patterson* v. *Robinson*, 116 N. Y. 193.) The plea of *ultra vires*, where a *prima facie* case has been established, is an affirmative defense, and must be pleaded and proven in order to be available to a corporation. (*Hess* v. *Sloane*, 66 App. Div. 522.) As to religious and other corporations not engaged in business, a business act which charges them with liability must be shown to have been authorized before the liability will attach. (*People's Bank* v. *St. Anthony's R. C. Church*, 109 N. Y. 512.) The other cases relied upon by the appellant support this doctrine, but do not qualify the rule of law above stated. The testimony which was excluded was, therefore, error, as it was sought thereby to show that the signature to the note was that of the president of the corporation; that the indorsement thereon was by the secretary; that he had authority to indorse commercial paper for the corporation, and the source of such authority. The plaintiff also offered to prove the transaction which resulted in the giving of

the original note, and that the defendant corporation received value therefor.    Nearly all of the testimony tending to establish such facts was excluded.    It was all admissible and should have been received. The court was, therefore, correct in granting the motion for a new trial after the dismissal of the complaint.

The order entered thereon should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ. concurred.

Order affirmed, with costs.