(87 App. Div. 251.)

### CONEY ISLAND AUTOMOBILE RACE CO. v. BOYTON.

(Supreme Court, Appellate Division, First Department.   November 6, 1903.)

1. EVIDENCE—WRITING—SIGNATURE.

A witness, on being shown a writing purporting to be signed by the treasurer of a corporation, may state whether the signature was that of the treasurer, over objection that it was not shown that he was authorized to execute the instrument.

2. CORPORATION—AUTHORITY OF TREASURER TO BIND.

A writing purporting to be signed by the treasurer of a corporation is not binding on it, in the absence of proof that the person so claiming to act for it was authorized to bind the company.

Patterson, J., dissenting.

Appeal from Trial Term.

Action by the Coney Island Automobile Race Company against Paul Boyton. From a judgment for plaintiff, defendant appeals. Affirmed.

The action is to recover on a promissory note for $750 given by the defendant to the plaintiff, due August 10, 1902. The defense is that the note was delivered pursuant to a written contract, a copy of which is annexed to the answer, and that thereunder the sum named is not payable. The instrument referred to is in the form of an agreement between the parties, and recites that the plaintiff sells to defendant two automobiles and trackage, the defendant to pay to plaintiff the sum of $1,500 therefor in two notes of $750 each, payable respectively July 10 and August 10, 1902 (the latter being the note for which this suit is brought), and further recites that "Captain Paul Boyton agrees to forfeit the sum of $500 and return without costs * * * the two automobiles and tracks should he * * * default in the payment of the first note," and after the payment of the last note the plaintiff shall give to defendant "a clean bill of sale." This paper is not dated, except as of "February, 1902"; and it is signed, "Coney Island Automobile Race Co. Robert Meissner, Treas." The answer avers that, prior to the date when the first note became due, the defendant tendered to the plaintiff the automobiles and trackage, and agreed to forfeit the $500, and plaintiff refused to accept the automobiles and trackage and $500, which defendant was and is ready to deliver. At the trial the plaintiff offered the note in evidence and rested. The defendant then called a witness, whose testimony appears in the record as follows: "I am a stockholder in the Coney Island Automobile Race Company. I know Meissner. (Showing paper) Do you know whether that is his signature? (Objected to on the ground that it is not shown that Robert Meissner was authorized to execute this instrument, and that this was authorized by the board of directors. * * * Objection sustained. Exception. * * *) Meissner is the secretary of the company. * * *" The defendant was then called, but was not allowed to testify whether he made a purchase of automobiles from the plaintiff, or entered into an agreement with it for automobiles, or signed a contract for the delivery of a note, nor whether the note was given in pursuance of the written agreement between him and plaintiff, nor whether he had tendered the automobiles back and offered the sum of $500; exceptions being taken. The plaintiff's attorney was then put on the stand, and asked if he had the contract in his possession, but the question was not allowed; nor was the defendant permitted to ask another witness if the defendant had tendered the automobiles. Thereupon the case was closed, and the court directed a verdict for the plaintiff, and from the judgment so entered the defendant appeals.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

¶ 2. See Corporations, vol. 12, Cent. Dig. § 1726.

T. Ellett Hodgskin, for appellant.
C. B. Plante, for respondent.

O'BRIEN, J.   The principal questions are whether the defense is good, and, if so, whether it was established, or the defendant prevented from establishing it by competent evidence which was offered, and which, under the objections of the plaintiff, was excluded by the court. We say these are the principal questions, because it is conceded that the plaintiff is entitled to recover upon the note unless the defense pleaded is one that, if legally established, would exonerate the defendant from liability thereon.

The first proposition, as to whether the defense is good, turns upon the construction to be given to the terms of the written agreement relied upon in the answer, and whether thereunder the defendant had the option and right to refuse to pay his notes, and to return the property and forfeit $500, or whether it rested with the plaintiff to elect whether it would proceed upon the notes, allowing the defendant to retain the property, or would insist upon its return, and exact the payment of the forfeiture of $500. The agreement was in form a conditional sale, and under it the defendant received, has used, and still retains the property; and were we called upon to determine the question, which we are not, our inclination would be to hold that the option or election under the terms of the agreement was given to plaintiff, and could be exercised by it alone. It is not necessary, however, for us to decide this question, upon both sides of which an argument could be made, our conclusion being that upon the trial—assuming that the defendant had the right to forfeit the $500 and return the property—no competent proof was offered to establish the making of the agreement upon which the defendant relied.

The plaintiff, after introducing in evidence the note, rested, and the defendant took up the burden of making out his defense. For that purpose he called a stockholder of the plaintiff company, and asked him whether he knew Robert Meissner, and, upon his answering that he did, asked him (showing him the paper), "Do you know whether that is the signature?" This was objected to on the ground that it was not shown "that Robert Meissner was authorized to execute this instrument, or that this was authorized by the board of directors," and the objection was sustained, and exception taken. It is true that the witness was not asked if, nor was it shown that, he knew the handwriting of Robert Meissner, and it might therefrom be claimed that he was not a competent witness to prove his signature. The objection, however, was not upon the ground that he had no knowledge of the signature; and, had such defect been suggested, it might have been cured. We are therefore to conclude that it was not because a proper foundation had not been laid for the proof of the signature, but because no proof had been given showing that Robert Meissner was authorized to execute the agreement, that the question was excluded. This ruling is erroneous, but, in view of what subsequently appeared upon the trial, it must be regarded as harmless.

In proceeding with the discussion, we shall assume that the witness

had stated that he knew that the signature attached to the agreement was that of Robert Meissner. There was, however, another step which it was necessary for the defendant to take before he could introduce in evidence the agreement. This witness testified that Meissner was the secretary of the company, although the instrument purports to be signed by him as treasurer; but, whether he was secretary or treasurer or both, there was no proof offered or attempt made to prove what were his duties, or whether or not he had any authority to contract for the corporation, either by resolution of the board of directors, or by acts or dealings which would have a tendency to show that in signing such an agreement he was acting within the scope of his authority, real or apparent. In other words, no attempt was made to prove that he had the necessary authority, express or implied, to bind the company by a written agreement.

It requires no citation of authorities for the proposition—which is well settled—that, in order to bind a corporation, it is necessary to prove that the one who it is claimed acted for the corporation had authority, either express or implied, to do so; and, where it is sought to hold a corporation in any transaction, it is incumbent upon the one alleging the fact to show that the person who claimed to act for it had authority, express or implied, to represent and bind it. The failure to introduce or offer such evidence was a failure on the defendant's part to sustain the burden which rested upon him before he could introduce in evidence the written agreement pleaded as a defense. Having failed to prove the written agreement, and hence being unable to introduce it in evidence, the defendant was precluded from showing its contents by parol evidence, and the rulings which excluded such proof of its terms were right.

Upon the ground, therefore, of the defendant's failure to establish by competent evidence the written agreement upon which he relied for a defense, the judgment in favor of the plaintiff, as directed by the court, must be affirmed, with costs.

VAN BRUNT, P. J., and HATCH and LAUGHLIN, JJ., concur. PATTERSON, J., dissents.