GREENE et al. v. IROQUOIS HOTEL & APARTMENT CO.

(Supreme Court, Appellate Term.   November 6, 1903.)

1. CORPORATIONS — WRITTEN CONTRACTS — ACTS OF OFFICERS — AUTHORITY — PROOF.

An action could not be maintained against a corporation on a contract reciting that the corporation agreed to pay a certain sum as its share of the commission in leasing a hotel, in which transaction plaintiffs were the brokers, and signed in the corporate name by J. C. M., secretary and treasurer, without proof of the secretary's authority to sign the instrument and bind the corporation, or subsequent ratification of his acts, in addition to the mere fact that he was the secretary and treasurer of the corporation.

Appeal from City Court of New York, Trial Term.

Action by William Z. Greene and another against the Iroquois Hotel & Apartment Company. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Neles & Johnson, for appellant.

M. Kronacher, for respondents.

FREEDMAN, P. J. This action was brought on a written instrument, of which the following is a copy:

"The Iroquois Hotel and Apartment Co.,

"M. F. Miller, Prest. J. C. Miller, Sec'y & Treas.

"Indian Head Iroquois, 49 West 44 Street.

"New York, August 16, 1902.

"Mess. Greene & Taylor, 568 Fifth Ave., City—Gentlemen: We the Iroquois Hotel Co. agree to pay the sum of $2,500 as our share of the commission in the leasing of the Hotel Seymour for the owners, Irons and Todd, to us, J. C. Miller and M. F. Miller, in which you were the brokers.

"The above $2,500 to be paid as follows: $500 on October 1, 1902; and $500 on April 1st, 1903; $500 on October 1st, 1903, and $500 on April 1st, 1904, and $500 on October 1st, 1904.

"Very Truly Yours,          The Iroquois Hotel & Apartment Co.·

"J. C. Miller, Sec'y & Treas."

The plaintiffs recovered a judgment for the installment due under the terms of said instrument April 1, 1903. A reading of the instrument would naturally lead one to infer that the Iroquois Hotel Company was composed of J. C. Miller and M. F. Miller, but of this there is no proof in the case. The instrument is signed: "The Iroquois Hotel and Apartment Company. J. C. Miller, Sec'y & Treas." That J. C. Miller was the secretary and treasurer of said company, and that M. F. Miller was the president thereof, was shown upon the trial; but there was an entire failure to show that J. C. Miller, as secretary and treasurer of the defendant corporation, was authorized to execute the writing in question. This was essential for the plaintiffs to show, and merely showing that he was the secretary and treasurer was not sufficient to establish authority in him to sign the instrument, and thereby bind the corporation. Neither was there any evidence of subsequent ratification of the acts of Miller by the defendant. See Karsch v. Pottier & Stymus Co., 82 App. Div. 230, 81 N. Y. Supp. 782.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event.

BISCHOFF, J., concurs.

BLANCHARD, J. As there is no evidence that the defendant was engaged in the hotel business, it cannot be said that the leasing of the Hotel Seymour by the officers of the company was an act within the scope of their general powers. I concur with my associates on that ground.