### SLOMAN v. STAR CO.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

CORPORATIONS (§ 407*)—CONTRACTS—AUTHORITY OF AGENTS.

    Where the manager of one of the several departments of the advertising business of a corporation, subject to the orders of the general manager of the corporation, and without authority to hire employés, hired by the week an advertising solicitor who knew of the superior authority of the general manager, and who knew that the manager of the department had never hired nor discharged an employé, a contract by the manager of the department for the employment of the solicitor for a year was not binding on the corporation.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1615–1619; Dec. Dig. § 407.*]

    Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Louis Sloman against the Star Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

MacDonald De Witt, for appellant.

George J. McDonnell, for respondent.

DOWLING, J.  In June, 1909, plaintiff was hired as an advertising solicitor in the display division of the advertising department of the New York American by Fred C. Veon, manager of said division.  His hiring was a weekly one, and the salary paid him was $50 per week.  He entered upon the discharge of his duties and performed them until September, 1909, when, having concluded to locate in New York and to lease and furnish an apartment here, he spoke to Veon, telling him of his plans, and stating his desire to have a more definite contract for the future.  Veon replied that the plaintiff could feel perfectly safe in leasing an apartment up to November 1, 1910, as his position would be assured for that length of time, at the same salary of $50 weekly.  Plaintiff requested Veon to confirm the contract in writing, which the latter did, in the following letter delivered to plaintiff:

"New York American.
"Sunday American Circulation 800,000.
"Broadway and Park Place.

Oct. 3, 1909.

"My Dear Sloman: You left the office this morning before I had a chance to talk to you regarding your desire to lease an apartment, etc.  You will be entirely safe in making a lease for one year from Nov. 1, 1909, for one year, and you may consider this letter a contract for your services until November, 1910.  Very truly,                    Fred. C. Veon, Adv. Mgr."

Plaintiff was discharged on March 12, 1910, and this action is brought to recover his damages; the alleged contract having some seven months more to run.  At the end of plaintiff's case, the proof of Veon's authority to make contracts for defendant consisted solely in the fact that he originally hired plaintiff under a verbal contract of weekly hiring, which had been performed upon both sides for some three months; that he was manager of the department of display advertising, one of four branches into which defendant's advertising business was subdivided; that he received reports from the solicitors in his department, and gave them orders as to their solicitation of advertisements.  Plaintiff admitted that he had never seen Veon hire or discharge any one, and that he knew one Merrill was the publisher of defendant and Veon's superior, having an inclosed office, outside of which Veon and the solicitors had desks.

The defendant established that the treasurer of defendant was William B. Merrill, who was also its general manager; that Veon was his subordinate, constantly consulted with him concerning the business, and was in charge of part of the advertising force; that he was outside of Merrill's office, about six feet distant from him; that he had power to hire and discharge men only after consultation with Merrill; that Veon had never been authorized to sign a contract of hiring; that he never had informed Merrill that he had signed such a contract or had hired Sloman for a year; that Veon's duties consisted in receiving the reports of the advertising solicitors, and assigning them to their work; that the only persons who signed contracts for defendant are its officers; that Veon never hired any one for a year or any fixed period, to Merrill's knowledge; that, when

the latter signed the pay roll containing Sloman's name, it was without any knowledge or information that Sloman claimed a yearly hiring; that no head of any department had power to hire or discharge men except after consulting Merrill. None of this testimony was controverted.

Not only does the testimony conclusively establish that Veon had no power or authority, real or ostensible, to make a contract on behalf of defendant for a fixed term of employment, but it further appears that he had no power or authority to make even a weekly hiring on defendant's behalf, save after consultation with its general manager and with his consent. Furthermore, at the close of plaintiff's case, he had failed to show any such power or authority, real or ostensible, on the part of Veon to make a contract of hiring for a fixed period, and the motion to dismiss the complaint then made should have been granted. This is not such a case as that of Cox v. Albany Brewing Company, 56 Hun, 489, 10 N. Y. Supp. 213, where the person who made the contract of hiring was alone behind the counter in defendant's office apparently in charge, and there was as the court said "no intimation in the evidence that his real power was not as ample as his ostensible." Here the plaintiff had been originally hired from week to week; a contract involving no great liability upon defendant and quite consistent with any ordinary conduct of business. His retention under those conditions raised no implication of Veon's power to bind the corporation by yearly hiring, when to plaintiff's knowledge Merrill was Veon's superior, an officer of defendant, in a position of open authority over both, and Veon had no powers, even ostensibly, save to receive reports from his subordinates and give them their orders. Plaintiff did not even know that he had ever hired or discharged any employé. Under these conditions, this case falls under the rule laid down in Camacho v. Hamilton Bank Note Company, 2 App. Div. 369, 37 N. Y. Supp. 725, where it was held that even in the case of a general manager of a corporation who was proven to have habitually employed and discharged employés, but there was nothing to show that any of the employés thus hired or discharged were more than ordinary servants of the corporation, employed for short periods, and there was no proof that the general manager had made contracts of employment for a fixed period or involving more than temporary employment subject to discharge at volition, the testimony was utterly insufficient to lay the foundation for an inference that the general manager possessed authority to make a contract for a fixed period, in that case three years.

The judgment and order appealed from must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). Plaintiff was employed by the defendant's advertising manager and it accepted his employment, and he performed the duties to which he was assigned by the advertising manager, and the defendant paid the salary, which the advertising

manager agreed to pay, for a period of about nine months, and then it discharged him. His employment at first was by the week, but before the end of four months, and before leasing and furnishing an apartment in the city of Greater New York, he determined to obtain a contract by the year, which was a reasonable period of employment for the services he was rendering; and he applied to the advertising manager who had originally employed him, who, after consideration and deliberation, gave him a formal letter of employment for a year on the stationery of the defendant, and his services continued under that employment without its being repudiated or questioned until his discharge. I am of opinion that he was not as matter of law put upon inquiry with respect to the advertising manager's authority, and that the jury were justified in finding either that the advertising manager was authorized to employ him for a year, or that the defendant clothed its advertising manager with apparent authority to make the contract, and was chargeable with knowledge of the agreement under which plaintiff was induced to remain in its employ.

I therefore vote for affirmance.