ABRAHAM ARNDT & BROS. v. NEW YORK FRUIT WATER CO.

(Municipal Court of City of New York, Borough of Manhattan, Seventh District.    February 13, 1913.)

1. CORPORATIONS (§ 432\*)—SECRETARY—AUTHORITY—BURDEN OF PROOF.

Since the secretary of a corporation is an agent with limited powers, and can bind the corporation only within the scope of his duties, the burden is on one who sues the corporation for breach of a contract made by its secretary to prove his authority to make it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1737, 1743, 1762; Dec. Dig. § 432.\*]

2. CORPORATIONS (§ 425\*)—SECRETARY—AUTHORITY.

Plaintiff was entitled to rely upon the authority of the secretary of a corporation to contract with him to procure accident insurance upon the company's teams, where the president referred plaintiff to the secretary as the person having charge of such matters.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1697–1701, 1705; Dec. Dig. § 425.\*]

3. CORPORATIONS (§ 425\*)—OFFICERS—AUTHORITY.

A concern sued for breach of a contract made by one clothed with apparent authority as secretary of a corporation cannot defeat liability by showing that, while there was a corporation, a partnership trading under the same name conducted the business, and that the secretary had no authority to bind the corporation, which merely existed on paper, where plaintiff had no knowledge of such facts, and was not put upon inquiry respecting them.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1697–1701, 1705; Dec. Dig. § 425.\*]

Action by Abraham Arndt & Bros. against the New York Fruit Water Company.    Judgment for plaintiff.

Abraham S. Gilbert, of New York City, for plaintiff.

Herman Kahn, of New York City, for defendant.

STURGES, J.    [1] This action was brought to recover damages for breach of a contract made in the name of the defendant corporation by its secretary, whereby the defendant employed plaintiff as its broker for the period of five years to procure accident insurance upon its teams.    The question for determination is whether or not the evidence sufficiently shows authority in the secretary to bind the corporation by such a contract.    Seeking to charge the corporation with liability upon a contract made apparently in its behalf, the burden is upon the plaintiff to prove the authority of the person assuming to act for the corporation.    Wilson v. Kings County E. R. Co., 114 N. Y. 492, 21 N. E. 1015.    No presumption of authority arises from the official name of secretary, as in the case of the president of a corporation who is known and recognized as its executive head.    The secretary of a corporation is an agent with special powers merely, and cannot bind the corporation by the performance of acts without the scope and ordinary course of the duties of its office.    He holds a ministerial office, and no inherent executive authority is attached to his office.    One dealing with him in an executive capacity is charge-

able with notice of his apparent want of authority, and so deals with him at his peril; and, if the authority is disputed, it is incumbent upon such party to establish the authority by proper evidence. Parmelee v. Associated Physicians, 9 Misc. Rep. 458, 30 N. Y. Supp. 250; Karsch v. Pottier Stymus Mfg. Co., 82 App. Div. 230, 81 N. Y. Supp. 782; Coney Island Automobile Race Co. v. Boynton, 87 App. Div. 251, 84 N. Y. Supp. 347; Backer v. U. S. Gas Fixture Co., 84 N. Y. Supp. 149; Greene v. Iroquois Hotel & Apt. Co., 84 N. Y. Supp. 591. The question is not with respect to the authority the secretary assumed to exercise, but with what appearance of authority the defendant had clothed him. Edwards v. Dooley, 120 N. Y. 540, 551, 24 N. E. 827. The evidence does not show any previous dealings with the secretary which were adopted by the corporation, nor any previous act on its part upon which an estoppel could be predicated, or from which it can be said that the corporation had clothed him with any authority whatever to contract on its behalf. Plaintiff's case rests solely upon what took place on this occasion in question.

No question of ratification arises nor of estoppel by reason of the defendant having received any benefit under the contract.

[2] The defendant is a corporation of which Simon Nachemson is president and David Nachemson secretary. Some time, about November 1, 1911, plaintiff's president called at No. 309 East Ninety-Fourth street, in this city, which was the office of the New York Fruit Water Company, and there had an interview with Simon Nachemson. Defendant claims that this office was not that of the defendant corporation, but of a copartnership trading under the same name. Arndt, plaintiff's president, informed Nachemson that he had an insurance proposition to offer which would save them money on their policies, and would tie up Arndt's companies for a period of five years to uphold the rate of $25 per year for each driver. Nachemson informed him that all matters of insurance were in the hands of his son, who was engaged in another business, and gave him a card with the son's name and address, and asked him to call on his son at the latter's place of business. This son was David Nachemson, secretary of the corporation. Upon this testimony, supplemented by Arndt's conversations with David Nachemson, plaintiff claims that the son was authorized on behalf of the corporation to make the contract in question. Arndt called on David Nachemson, and told him that his father had said that all matters of insurance were in the son's hands, and that he (Arndt) should take the matter up with him, and he thereupon explained the proposition, and received from him the data with respect to the insurance he would require. Nachemson informed him that he had policies which would expire May 30, 1912, covering the New York Fruit Water Company, Incorporated, having a place of business at 309 East Ninety-Fourth street, and was advised by Arndt that the policy he proposed procuring would be issued to take effect upon the expiration of the company's then existing policies. Nachemson then informed Arndt that he could not take up a subject of that kind and sign a contract for so long a time, unless he

first talked it over with his father or brothers (Arndt did not remember which), whom he expected to see on the following day, and requested Arndt to call in at a later time, which he did, and Nachemson then told him that he had spoken the matter over with his folks, and they had decided that the proposition was a favorable one. Nachemson further said that he could not take any action then as he had a policy in force which would be running for some months, to which Arndt replied that it was intended to give a policy on the expiration of the present policy, and which was to be binding for five years. Arndt also informed Nachemson that he would procure a policy at a $25 rate for each team or driver, which was applicable to the usual policy of $5,-000 if one person was injured, and $10,000 if more than one was injured in the same accident. The contract in question was thereupon, or shortly after, signed by David Nachemson in the name of the corporation by himself as secretary.

Plaintiff contends that having informed the president of the company with respect to a matter which involved the procuring of insurance for five years, and as to the rate of premium to be paid therefor, the secretary was clothed with authority to act on behalf of the corporation. The subject-matter of the contract was not of an unusual or extraordinary character, or such as would not be within the apparent authority of the principal officers of the corporation. It was a matter upon which they might act for the promotion of the interests of the corporation in protecting it against liability for accidents in the conduct of its business. I have no doubt that it was entirely within the authority of the president of the corporation to make the contract in question on its behalf, having been advised as to the proposition both with respect to its terms and its purpose. When the president of the defendant corporation referred to his son, the secretary of the corporation, as the person having charge of all such matters with whom to conduct his negotiations, it seems to me that the inevitable conclusion is that thereby the secretary was clothed with authority to act in the premises, and upon which the plaintiff was entitled to rely. In Noll v. Archer-Pancoast Co., 60 App. Div. 414, 69 N. Y. Supp. 1007, the court said:

"This court has held that when a person enters the business place of a corporation, and is referred by the person found in charge of the office (in this case the president of the corporation) to some particular party as the proper person for the transaction of the particular business in hand, the presumption must be that such person is authorized to bind the corporation."

In Simmons v. Thompson, 29 App. Div. 559, 51 N. Y. Supp. 1018, the court says:

"It needs no citation of authority to establish the proposition that, when an officer of a corporation high in rank is engaged in the transaction of the business of the corporation at its place of business, the corporation is bound by any agreement that he makes which is apparently within his authority."

After the interview with the defendant's president, Arndt's dealings with its secretary with relation to the very matter as to which he has been referred to the latter were in pursuance of the instructions given by the president; and the acts and statements of the secretary were

in relation to the transaction with respect to which he had been vested by the president with authority to act. It would seem that David Nachemson was not satisfied with Arndt's statement that the latter had been referred to him by the president for the purpose of negotiating and completing the transaction, for the reason that he advised Arndt that he could not sign a contract for such a period without consulting with his father or brothers. But, after such consultation, whatever doubt he had was removed, and he thereupon acted. After the contract was signed, plaintiff procured a policy for one year, which was sent to 309 East Ninety-Fourth street, and was returned with a letter written in the name of the defendant by D. Nachemson, in which it was stated:

"Please find enclosed the team liability policy. We found out that we can get it with loading and unloading for $22. a team. We are sorry that you could not comply with the same terms."

The terms of this letter relate to the rate, as the policy covered loading and unloading. The policy was again sent to the defendant company, and it appears to have been thereafter sent to the insurance company, of which fact the plaintiff advised the defendant that it had knowledge, to which plaintiff received a letter in the name of the N. Y. Fruit Water Company, "per D. N." under date of July 11th, in an envelope which was stamped:

"New York Fruit Water Co., Manufacturers of Mineral Waters, 309–311 East 94th Street, New York."

It stated:

"Your letter on hand you had our explanation for the reason we do not want the policy as we can get it cheaper so to settle this matter in a friendly way get us a policy cheaper rate which we are sure you can."

Nothing further transpired between the parties, except that the plaintiff sent back the policy to the defendant, plaintiff insisting upon payment. It seems that the defendant refused to accept the policy.

[3] Defendant's contention is that while there was a corporation, the New York Fruit Water Company, there was also a partnership trading under the same name; that the corporation had no place of business, had no property which could be insured, and conducted no business whatever; that the business and the property belonged to the copartnership; and that neither Simon Nachemson, the president, nor David Nachemson, the secretary, had any authority whatever in any manner to bind the corporation, which was simply a corporation on paper. Plaintiff, however, had no knowledge of any of these facts, nor was there anything which occurred during the transaction to put it upon inquiry with reference to them. I am of opinion that, as the evidence sustains the contention that the secretary had apparent or special authority upon which plaintiff was entitled to rely, under such circumstances the conditions which defendant offered to prove were of no force in limiting that authority. Rathbun v. Snow, 123 N. Y. 343, 25 N. E. 379, 10 L. R. A. 355. Nor do I think that the contract in question was of the character to meet the condemnation of the court as in Camacho v. Hamilton Bank Note & Engr. Co., 2 App.

Div. 369, 37 N. Y. Supp. 725. The contract in question did not involve any serious amount and was of benefit, as it contemplated insurance for a number of years at a rate greatly reduced from that which had been theretofore paid, and in that respect it was an advantage, and for the interest of the defendant.

The policy which the plaintiff procured was for one year, from which it follows that the damages sustained by the plaintiff cannot exceed the percentage of the premium to which he was entitled under that policy, namely $12.50, for which sum the plaintiff is entitled to judgment.