### KLEIN v. LOUIS BARNETT SONS, Inc.

(Supreme Court, Appellate Term, First Department. April 26, 1916.)

1. CORPORATIONS ☞406(1, 3)—OFFICERS—POWERS—SECRETARY.

Neither the secretary nor treasurer of a corporation has inherent power by virtue of his office to contract for the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1611, 1613; Dec. Dig. ☞406(1, 3).]

2. CORPORATIONS ☞432(1)—POWERS OF OFFICERS—RIGHTS OF THIRD PERSONS.

Acts of executive corporation officers within the apparent scope of their authority are presumed to be those of the corporation, and binding upon it, and the one dealing with them need not prove specific authority.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1718, 1726, 1743, 1762; Dec. Dig. ☞432(1).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

3. CORPORATIONS ☞432(6)—POWERS OF OFFICERS—EVIDENCE—ADMISSIBILITY.
    Where a discharged servant sought to show that his contract with the corporation, signed only by the secretary, was given him by the president, who could not read, the corporation could show the lack of authority of the secretary to make the contract.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1731, 1743, 1762; Dec. Dig. ☞432(6).]

Appeal from City Court of New York, Trial Term.

Action by Jacob Klein against Louis Barnett Sons, Incorporated. From a judgment for plaintiff, and an order denying motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Bernard F. Nathan, of New York City (Simon Sultan and Isidor E. Schlesinger, both of New York City, of counsel), for appellant.

S. Goodelman, of New York City (Frank Walling, of New York City, of counsel), for respondent.

GUY, J. The action was for wrongful discharge and for the recovery of a $50 deposit made by plaintiff with the defendant. It was undisputed that plaintiff, a cutter, had a written contract from the defendant for one year from September 15, 1913, at $25 a week, and he claimed that the defendant in writing on or about June 15, 1914, extended the hiring for an additional year from September 19, 1914, at a salary of $30 per week. The deposit had been made under the original contract as security for the faithful performance of plaintiff's duties. He was discharged on or about November 16, 1914.

Defendant contended that the original hiring had not been extended as claimed by plaintiff; that on September 28, 1914, when plaintiff received the first week's pay for the alleged extended period, he made a complaint because he received only $25, instead of $30; that defendant's secretary, who signed the alleged extension written out by the bookkeeper, had no authority to make the contract; that at the time the complaint was made plaintiff was informed that the only one who had authority to make contracts was the defendant's president, who agreed to give the plaintiff the additional $5 a week, however, if plaintiff continued working, as if there was no contract in force, and to pay plaintiff the $50 deposit; that plaintiff agreed to this, and promised to return the paper, signed by defendant's secretary, under which the extended hiring was claimed. The entries in defendant's books admitted in evidence corroborate defendant's version that for the first week of the alleged extended period plaintiff was paid $25, and four days thereafter he was paid a balance of $5; and they also show that on the same day he received the additional $5 he received a check for $50. Plaintiff claimed that this $50 was given him, not to repay the deposit, but in exchange for cash, so that he could pay a painter's bill with the check. Although defendant's books contain a separate exchange account, the item of $50 does not appear to be included therein, and the painter, to whom plaintiff swore he gave the check, was not produced in court.

When the contract in suit was offered in evidence, no objection was made as to the authority of the secretary to bind the defendant. Defendant subsequently endeavored to show, however, by introducing the minutes of the corporation in evidence, that the secretary had no authority to make the contract; but the court excluded the evidence, to which ruling exception was taken, although the court charged the jury that it was for them to say whether any such contract was made.

[1, 2] It has been held that neither the secretary nor the treasurer of a corporation has any inherent power by virtue of his office to contract on the part of the corporation. Coney Island Automobile Co. v. Boynton, 87 App. Div. 251, 84 N. Y. Supp. 347; Greene v. Iroquois Hotel (Sup.) 84 N. Y. Supp. 591. But in Lyon v. West Side Transfer Co., 132 App. Div. 777, 117 N. Y. Supp. 648, it was held that acts done by the executive officers of a corporation within the apparent scope of their authority in regard to the regular business of the corporation are presumed to be the acts of the corporation and binding upon it, and a person dealing with such officers under such circumstances is not required to prove specific authority from the board of directors, and is not affected by any secret provision of the by-laws not brought to his attention.

[3] Plaintiff testified that the renewal contract was handed to him by defendant's president, who it appears could not read or write English; and the original written contract for one year preceding that covered by the contract in suit is signed by the treasurer of the corporation only—a fact which tends to show that general officers of the defendant other than the president had power to make such contract. Upon the record as presented, however, defendant had a right to show that its secretary was not authorized to sign the paper, so that all the evidence could be submitted to the jury for their determination of the question, and the refusal of the trial court to allow defendant to introduce evidence of such lack of authority presents reversible error.

Plaintiff apparently endeavored to show that the act of the secretary, as evidenced by the signing of the agreement, was the result of discussion among the general officers of defendant, and that upon the faith of the execution of the new contract he refrained in June, 1914, from taking another position; but the evidence was excluded on defendant's objection. Of course, if on the new trial, which must be had, such proof be given, the jury, if they believe it and the other testimony in support of plaintiff's case, would be authorized to render a verdict for plaintiff, even though it should appear defendant's secretary had no authority under the by-laws to make the contract in suit.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.