AMOS F. BLOOD, APPELLANT, *v.* M. MARCUSE AND M. A. MARCUSE, RESPONDENTS

AGENCY—AUTHORITY OF SECRETARY OF A MINING CORPORATION—The Secretary of a mining company has not authority, by virtue of his office, to make assignment of the promissory notes of the company.

IDEM.—Such assignment is not a corporate act, unless it is shown that the Secretary was not only authorized to make the transfer, but to make it in his official capacity.

MONEY RECEIVED UNDER AN INVALID ASSIGNMENT.—Money collected upon a judgment by the assignee, under an invalid assignment, may be recovered by a judgment creditor of the party who is rightfully entitled to it.

ESTOPPEL OF RECORD.—The claimant of the proceeds of a judgment, under the rightful owner, is not estopped by the judgment in favor of the assignee, under an invalid assignment, unless it is shown that the fact of the assignment was put in issue between the debtor and the alleged asignee.

PLEADING—ESTOPPEL BY MATTER OF RECORD.—Estoppel by matter of record must be pleaded.

APPEAL from the District Court of the Second District, Plumas County.

On the 8th day of August, the Whitney Quartz Mining Company, a corporation, held a note against the Crescent Quartz Mining Company, also a corporation, for the sum of twelve thousand dollars. An action was commenced on said note, attachment issued, and all the corporate property of the Crescent Company attached. The defendants, M. Marcuse and Glazier & Bro., also held claims against the Cres-

cent Company, and commenced actions thereon and attached subsequent to the attachment of the Whitney Company. On the 24th day of August, 1867, the defendant, M. Marcuse, for himself and his partner, M. A. Marcuse, purchased of the Whitney Company, in the name of M. A. Marcuse, the note held by the Whitney Company against the Crescent, while action was pending, under the following arrangement: The defendants alleged that the Whitney Company was indebted to one W. A. Bollinger more than the amount of the note held by that Company against the Crescent Company, and Mr. Bollinger was indebted to Marcuse and to Glazier & Bro. Chambers, the Secretary, and Bollinger, two of the Trustees of the Whitney Company, agreed to, and did transfer the $12,000 note to M. A. Marcuse, in consideration of Bollinger giving the Whitney Company credit for the full amount of the note, and Marcuse and Glazier & Bro. was to give Bollinger credit for a like amount; and this arrangement was completed and the credits given, and the note transferred to the defendant, M. A. Marcuse.

On the 22d day of April, 1868, the plaintiff in this action commenced an action against the Whitney Company to recover the sum of $7,415 11, and sued out a writ of attachment and had the same served upon the defendants, M. Marcuse and M. A. Marcuse, with notice as usual in such cases. On the 4th day of May, 1868, plaintiffs recovered judgment in said action for amount claimed.

On the 28th day of April, 1868, one Holthouse and Whitlock commenced an action against the Whitney Quartz Mining Company, recovered judgment and transferred the same to plaintiff, who had execution issued, and caused the same to be served upon the defendants, M. and M. A. Marcuse, in July, 1868.

The defendants answered, upon being garnisheed in said action, denying any and all indebtedness to the Whitney Quartz Mining Company. And upon this state of facts the plaintiff brings his action against M. and M. A. Marcuse, to recover the amount of the note transferred by the Whitney Company to the defendants.

The plaintiff was nonsuited upon the trial, "on the ground

that there is no evidence tending to show that defendants were ever at any time indebted to the Whitney Mining Company."

Motion for new trial was made and overruled, and plaintiff appealed.

*Van Clief & Gear*, for Appellant..

*First*—The assignment of the note held by the Whitney Company against the Crescent Company, made by Chambers, as Secretary, was void, not having been authorized by any corporate act of the Whitney Company, and the Secretary having no power to make the assignment by virtue of his office. (*Gashwiler* v. *Willis*, 33 Cal. 11 ; *Marine Bank* v. *Clements*, 3 Bosw. 600 ; *Johnson* v. *Bush*, 3 Barb. Ch. 207 ; *Brown* v. *Weymouth*, 36 Maine, 415 ; *Barcus* v. *Hannibal R. C. & P. P. R. Co.* 26 Mis. 102 ; *Mount Sterling and Jeffersonville T. R. Co.* v. *Looney*, 1 Met. Ky. 550 ; *Walworth Co. Bank* v. *Farmers L. & T. Co.*, 14 Wis. 325 ; *Hallowell and Augusta Bank* v. *Hamlin*, 14 Mass. 180 ; *Hoyt* v. *Thompson*, 1 Selden, 320 ; *Wintwell* v. *Warner*, 20 Vt. 425.)

*Second*—Conceding that Bollinger's claim against the Whitney Company was a liquidated and established indebtedness (which it was not), the arrangement between Bollinger, Chambers and Marcuse was an attempt at *novation*, Chambers assuming to transfer the note as a credit upon Bollinger's account against the company, and in payment of Bollinger's indebtedness to Marcuse and Glazier & Bro. But this attempt was ineffectual in law, *for want of the requisite assent of the corporation*, which was never given. (Parsons on Contracts, Vol. 1, pp. 187, 191.)

*Third*—The assignment to Marcuse being ineffectual, in law, the legal title to the note and to its proceeds remained in the Whitney Company, and an action of *indebitatus assumpsit* would lie in favor of the corporation against defendants, for the amount of such proceeds, upon the implied contract for the surrender thereof. (*Kientz* v. *Livingston*, 15 Cal. 347 ; *Amidon* v. *Wheeler*, 3 Hill, 137 ; *Norway* v. *Clear Lake*, 11 Iowa, 506 ; *Hawley* v. *Sage*, 15 Conn. 52.)

And said note and the proceeds thereof were liable to gar-

nishment in the hands of defendants, as property of the Whitney Company. (Practice Act, Secs. 126 and 127 ; *Swett* v. *Brown*, 5 Pick. 178.)

*Fourth*—It is contended by counsel for respondents, that the transaction between Bollinger and Marcuse amounted to an equitable assignment of Bollinger's demand against the Whitney Company, which can be offset against the amount of the note.    But this position cannot be maintained, for, 1st— No such offset is pleaded ; 2d—Defendants cannot claim for themselves the rights of Glazier & Bro. ; 3d—Bollinger had no liquidated account, and held no evidence of indebtedness against the Whitney Company, nor did he have any legal claim against it, for want of privity ; and, 4th—There was no *act done,* or *intent manifested,* to create an equitable assignment. (1 Parsons on Contracts, pp. 197–8 ; *Hoyt* v. *Story,* 2 Barbour, 262.)

*Charles E. Filkins,* for Respondents.

*First*—That there was no evidence tending to show that defendants were ever at any time indebted to the Whitney Quartz Mining Company.

*Second*—That the sale and transfer of the note of the Whitney Company to defendants was by a majority of the Trustees of the corporation, and was afterwards ratified and acquiesced in by the corporation. (*Bank of Vergennes* v. *Warner & Storrs,* 7 Hill, 91 ; *Aken* v. *Blanchard,* 32 Barbour, 527 ; *Bank of U. S.* v. *Dandridge,* 12 Wheat. 70 ; *Pixley* v. *Western Pacific R. R. Co.,* 33 Cal. 183 ; *Hoyt* v. *Thompson,* 19 N. Y. 215 ; *Mechanics' Bank* v. *Bank of Columbia,* 5 Wheat. 326 ; *Olcott* v. *Tioga R. R. Co.,* 27 N. Y. 556 ; *Barnes* v. *Ontario Bank,* 19 N. Y. 155.)

*Third*—If the transfer is voidable, then the defendants having paid full value for the note, it operates as an equitable assignment, and the money in defendants' hands cannot be garnisheed. (Drake on Attachments, 510, 610.)

*Fourth*—The action of the Court in the case of M. A. Marcuse, as assignee of the *Whitney Quartz Mining Com-*

*pany* v. *The Crescent Company*, judicially determined that the transfer was legal, and the Whitney Company and its privies are bound by such judicial determination.

*Fifth*—That the plaintiff is not shown to have been a creditor of the Whitney Company at the time of the transfer.

*Sixth*—There is nothing in the record to show that either of the defendants ever received any moneys belonging to the Whitney Quartz Mining Company.

RHODES, J., delivered the opinion of the Court:

The note of the Crescent Company was assigned by the Secretary of the Whitney Company in his official capacity. The assignment purports to be made by the Whitney Company, but it was not executed by the corporation. It is not, therefore, a corporate act, unless the Secretary was not only authorized to make the assignment, but also to make it in his official capacity. The Secretary is not vested with such authority by virtue of his office, and no delegated authority from the corporation is shown ; and under the authority of *Gashwiler* v. *Willis*, (33 Cal. 16), and the cases therein cited, the assignment was void. No ratification, by the corporation, of the assignment is shown. The alleged settlement made between the corporation and Bollinger, and the giving of the credit by the latter to the corporation, was only an arrangement between Bollinger and the Secretary of the company, but it does not purport to be a corporate transaction ; and no corporate authority to the Secretary to conclude such an arrangement appears ; nor has the corporation adopted the act of the Secretary in that behalf.

The money received by the defendants on the note, or rather on the judgment obtained by them on the note, was the money of the Whitney Company, unless the latter was estopped by the judgment from setting up a claim to the money. An action had been commenced by the Whitney Company against the Crescent Company, the maker of the note, before the attempted assignment of the note to the defendants, and judgment was afterward rendered in the action against the Crescent Company and in favor of one of

the present defendants, the assignee of the note, but for the benefit of both defendants. The position of the defendant as to the effect of the judgment ·is fully met by either of these considerations : It does not appear that the fact of the assignment of the note was in issue between the Whitney Company and the alleged assignee ; and if that fact was in issue, and was determined in favor of the assignee, the estoppel is not pleaded in this cause.

For these reasons we think the Court was in error in granting a nonsuit.

Order reversed and cause remanded for a new trial.

CROCKETT, J., did not participate in the decision.