KARSCH v. POTTIER & STYMUS MFG. & IMP. CO.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

1. NOTES—CORPORATIONS—ACTION—INDORSEMENT BY SECRETARY.

In an action against a corporation on a note indorsed by it by its secretary, the note is not admissible without proof of the authority of the secretary.

2. SAME—SIGNATURE OF MAKER—ACTION—EVIDENCE.

In an action against a corporation on a note indorsed by it, proof of the genuineness of the maker's signature is competent as one of the steps in the establishment of the validity of the note.

3. SAME—HOLDER FOR VALUE—STATUTES.

Negotiable Instruments Law, § 50, Laws 1897, p. 727, c. 612, provides that every negotiable instrument is deemed prima facie issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value. Section 91, p. 732, provides that a holder in due course is one who takes a negotiable instrument before due, and in good faith, and for value, and with no notice of infirmity. Section 98, p. 733, provides that every holder is deemed prima facie a holder in due course. Held, that where, in a suit against a corporation on a note indorsed by it, the genuineness of the maker's signature has been shown, and that the officer of the corporation who made the indorsement was authorized so to do, and that the note was taken by plaintiff, who gave value therefor, he is presumed to be a holder in due course, under the statute and at common law.

4. SAME—PRIMA FACIE CASE.

Where, in an action against a corporation on a note indorsed by it by its secretary, his authority is shown, the burden of proof is on the corporation to show lack of authorization.

5. SAME—DEFENSES—ULTRA VIRES.

In an action against a corporation on a note indorsed by it, where a prima facie case has been established, ultra vires is an affirmative defense, not available unless pleaded.

Appeal from Special Term, New York County.

Action by George Karsch against the Pottier & Stymus Manufacturing & Improvement Company. From an order granting a motion to set aside the verdict for the reasons specified in Code Civ. Proc. § 999, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Henry B. Anderson, for appellant.
Uriah W. Tompkins, for respondent.

HATCH, J. The complaint avers that the defendant is a domestic corporation; that on the 10th day of August, 1897, William H. Paulding made his certain promissory note in writing, whereby he promised to pay to the order of the defendant, three months after date, the sum of $7,500, with interest thereon at the rate of 6 per cent., and delivered said note to the defendant; that thereafter, and before maturity, the defendant duly indorsed said note, and delivered the same for value, and it came into the possession of the plaintiff for value before maturity; that when the said note became due and payable it was duly presented for payment at the place where the same was made payable,

¶ 5. See Corporations, vol. 12, Cent. Dig. § 2082.

and payment thereof demanded, which was refused, whereupon the note was duly protested for nonpayment, of all of which the defendant had due notice; that the said note was made and delivered as aforesaid for a renewal of a note theretofore made, and indorsed by the same parties, and delivered to this plaintiff for value; that on the 4th day of December, 1897, the maker of said note died wholly insolvent. The defendant, by its answer, practically denies and puts in issue every allegation of the complaint, except the incorporation of defendant. Upon the trial plaintiff called Samuel D. G. Johnston, who testified that he was the secretary of the defendant at the time the note was made and indorsed; that the indorsement upon the note was in his handwriting; that after he so indorsed it he returned it to the maker; that he did not know what he did with it. The note was then offered in evidence, and was objected to by the defendant, the grounds of the objection not being stated. The objection was sustained, to which plaintiff duly excepted. Plaintiff then called John M. Karsch, a brother of the plaintiff, who testified that he had seen the note in question before; that he knew the signature of the maker of the note; that he had seen such person write before, and had seen him sign his name thousands of times. The witness was not allowed to testify whose signature it was, under objection by the defendant that the signature could not be proven in that way. The plaintiff then, by various witnesses, attempted to show that the note was given for value; that it was the renewal note of a series of notes given for value; that the indorsement of the defendant's name was done by the secretary, Mr. Johnston, with due authority—all of which was objected to by the defendant. The objections were sustained by the court, to which ruling the plaintiff excepted. The plaintiff then rested, and upon motion of defendant the complaint was dismissed. The plaintiff thereafter made a motion at Special Term for a new trial upon the grounds stated in section 999 of the Code of Civil Procedure, which motion was granted, and from the order entered thereon this appeal is taken.

It appeared that the maker, Paulding, was the president of the defendant, and that Johnson was its secretary. It did not appear, therefore, upon the face of the note, that it was the act of the corporation. Paulding executed the same in his individual capacity, and the indorsement was by the defendant, through Johnston as secretary. A secretary is not necessarily an officer of a corporation. He may hold such position, and yet be without authority to bind the corporation by his acts. Consequently, the note standing alone, when offered in evidence, would not have been technically admissible without further proof. The proof offered, however, to show the signature to the note by Paulding, and that it was in his handwriting, was competent, as it was one of the steps in the establishment of its validity. It was also competent to prove the indorsement by the secretary, and this, if followed up by proof showing that the secretary was authorized to indorse the note by the corporation, then a case would be made which prima facie established the liability of the defendant to pay the same. Under such circumstances, the plaintiff having taken the note and paid value therefor, he is presumed to be a holder in due course within the provisions of the Negotiable Instruments Law, §§ 50, 91,

98 (Laws 1897, pp. 727, 732, 733, c. 612). The same result follows from the rule of law applicable to commercial paper independent of the negotiable instruments law. Cheaver v. Pittsburgh R. R. Co., 150 N. Y. 59, 44 N. E. 701, 34 L. R. A. 69, 55 Am. St. Rep. 646. The plaintiff offered testimony tending to show that the secretary of the corporation indorsed the same, and that such act was done by the authority of the corporation. Had this fact appeared, the note would be admissible in evidence, and a prima facie case would have been made against the corporation, charging it with liability. Under such circumstances the burden is cast upon the corporation to show that the act was not authorized or ratified, either by affirmative action or by receiving the benefits of the transaction. Patterson v. Robinson, 116 N. Y. 193, 22 N. E. 372. The plea of ultra vires, where a prima facie case has been established, is an affirmative defense, must be pleaded and proven in order to be available to a corporation. Hess v. Sloane, 66 App. Div. 522, 73 N. Y. Supp. 313. As to religious and other corporations not engaged in business, a business act which charges them with liability must be shown to have been authorized before the liability will attach. People's Bank v. St. Anthony's R. C. Church, 109 N. Y. 512, 17 N. E. 408. The other cases relied upon by the appellant support this doctrine, but do not qualify the rule of law above stated. The testimony which was excluded was, therefore, error, as it was sought thereby to show that the signature to the note was that of the president of the corporation; that the indorsement thereon was by the secretary; that he had authority to indorse commercial paper for the corporation, and the source of such authority. The plaintiff also offered to prove the transaction which resulted in the giving of the original note, and that the defendant corporation received value therefor. Nearly all of the testimony tending to establish such facts was excluded. It was all admissible, and should have been received. The court was, therefore, correct in granting the motion for a new trial after the dismissal of the complaint.

The order entered thereon should, therefore, be affirmed, with costs. All concur.