## In re ANNIN & CO.
### No. 198.

Circuit Court of Appeals, Second Circuit.
March 21, 1938.

Shaine & Weinrib, of New York City (Edward J. Mallin, Edward C. Weinrib, and Bertram Sommer, all of New York City, of counsel), for appellant.

Zalkin & Cohen, of New York City (Barney B. Fensterstock, Harry Zalkin, and Israel Akselrod, all of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

In reorganization proceedings under Bankr.Act § 77B, as amended, 11 U.S.C.A. § 207, and note, instituted by Annin & Co., a New York corporation, orders were entered prescribing the time and manner for the filing of claims and appointing a special master to hear and report on contested claims. The appellant, Elsie Frank, filed a proof of claim, to which the debtor and merchandise creditors filed objections, and the matter came on for hearing before the special master. The claim was based upon fifty checks signed in the name of the debtor by James B. Knapp, its secretary, payable to "A. Stanley," and in that name endorsed in blank. Each of these checks was postdated. The proof of claim alleged that between April 15 and November 15, 1935, the claimant had cashed postdated checks of the debtor for one Maurice De Sedle in the aggregate amount of $51,050; and that the debtor had paid some $31,000 on account of said checks, leaving still due and owing the sum of $19,900, plus $57.50 protest fees. The objections alleged, among other things, that the checks were signed by Knapp without authorization by the debtor and were not endorsed by the payee. Before the special master, the claimant offered in evidence her proof of claim, with the checks attached, proved the signatures of Knapp, and introduced a resolution of the directors of the corporation with respect to his authority to sign checks. Relying upon Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584, she then rested. Counsel for the debtor moved to dismiss for lack of proof, and the master reported that the proof was insufficient. The District Court in a written opinion confirmed his report. Thereupon the claimant moved for a reargument or, in the alternative, for leave to present further evidence. In an additional opinion the court denied this motion. An order was then entered denying the motion, confirming the master's report, and expunging the claim. From this order the claimant appealed without obtaining leave from this court.

That part of the order expunging the claim is a "judgment rejecting a debt" and appealable as of right under section 25(a) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 48(a). It is otherwise, however, as to so much of the order as denied the claimant's motion for reargument or the taking of additional testimony. It is well settled that, although a judgment mentioned in section 25(a) is appealable, an order vacating or refusing to vacate such a judgment must be reviewed under section 24(b), as amended, 11 U.S.C.A. § 47(b). Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297; In re Branner, 2 Cir., 9 F.2d 883, 885. Hence, if reviewable at all, leave to appeal was required from this court. But it would seem that denial of the claimant's motion was not reviewable, even if leave had been obtained. Viewed as a denial of a motion for a new trial, it was not appealable. McIntyre v. Texas Co., 2 Cir., 48 F.2d 211. Viewed as a denial of a rehearing, it was also nonappealable, at least in the absence of some abuse of discretion. International Shoe Co. v. Mathews, 5 Cir., 92 F.2d 751. No abuse of discretion was shown, if it be assumed that that could make a difference. Nor is the appealability of the denial of the motion saved by the fact that it is included in an order which also expunged the claim. The two parts of the order are as clearly separable as in Massachusetts Bonding & Ins. Co. v. Kemper, 6 Cir., 220 F. 847. Accordingly, the appeal from so much of the order as denied the appellant's motion for reargument or, in the alternative, for leave to present further evidence, will be dismissed.

The appellant's main contention is that the doctrine of Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584, entitled her claim to allowance in the absence of proof by the debtor to support its objections. That case holds that a sworn proof of claim against a bankrupt

is prima facie evidence of its allegations. In reaching that decision, the Supreme Court relied heavily upon the language of section 57(f), 11 U.S.C.A. § 93(f), as indicating that it is the objection, not the claim, that is pointed out for hearing and determination. In reorganization proceedings, however, section 57(f) is expressly excluded from application by section 77B (k), 11 U.S.C.A. § 207(k); and subdivision (c) (6) of section 77B, 11 U.S.C.A. § 207 (c) (6), declares that the judge "shall determine * * * the manner in which * * * claims and interests may be filed or evidenced and allowed." Furthermore, General Order 21, 11 U.S.C.A. following section 53, relating to proof of debts, has been expressly made inapplicable to reorganization proceedings. All this, we think, makes it very clear that the Whitney v. Dresser doctrine does not apply to proceedings under section 77B.

■ Nor did the judge's orders of March 7 and June 15, 1936, incorporate that doctrine into the procedure to be followed in the case at bar. It is true that the former required the proof of claim to comply substantially with the provisions of section 57, 11 U.S.C.A. § 93, and said that "objection to the allowance of any such claim shall be heard" by the court or a special master. Whether this, if standing alone, might be construed to incorporate the doctrine of Whitney v. Dresser, supra, we need not decide, for the later order of June 15th expressly empowered the special master "to prescribe the procedure to be followed at the hearing on such claims and the objections thereto"; and paragraph 6 of the order was even more specific in instructing the master to regulate the proceedings and to direct the mode in which matters requiring evidence shall be proved. Both at the outset and at the end of the hearing the master refused to take the appellant's proof of claim as evidence of anything more than the fact that the claim was filed. The appellant therefore had ample warning that she could not rely upon the Whitney v. Dresser doctrine.

■ Moreover, this court has twice ruled that, where a claimant has attempted to establish by evidence the allegations of his proof of claim, he cannot be permitted to use those very allegations to supply a deficiency in his evidence. In re T. A. McIntyre & Co., 2 Cir., 174 F. 627, 629; In re Youroveta Home & Foreign Trade Co., 2 Cir., 297 F. 723, 725. In the case at bar the appellant attempted to prove Knapp's authority to draw the checks in suit. Under the above authorities this precludes her from relying upon the allegation in her proof of claim that the checks were the debtor's, if the evidence offered was insufficient to establish his authority. The master and the District Judge thought that it was. We agree with them. Postdated checks are merely drafts, as, indeed, are all checks. Forster v. Mackreth, L.R. 2 Ex. 162, 167; People v. Bercovitz, 163 Cal. 636, 638, 126 P. 479, 43 L.R.A.,N.S., 667; State ex rel. Lofthus v. Langer, 46 N.D. 462, 488, 177 N.W. 408. Under the corporate resolution introduced to prove Knapp's authority, he had power to sign drafts; but it was a limited power. The resolution authorized him to deposit cash and negotiable paper of all sorts in the company's bank account, and to execute "any and all checks, drafts, notes and other written obligations necessary to withdraw all moneys and funds placed to the credit of said Company in said bank." That limitation could mean either that the drafts and other obligations were to be made payable at the bank, or that they were to be drawn only against money credited to the company when the draft or note was made. If the first alternative was intended, it was expressed most awkwardly. It could have been simply expressed by empowering the agent to make all paper payable at the bank. We do not think so broad a power was intended. It is one thing to let officers deposit money and draw against sums already on deposit; it is quite different to give them an unlimited power to pledge the principal's credit. We think the latter was not intended. Under the correct construction of the resolution, Knapp was authorized to draw only against actual deposits. The appellant did not show that this condition was met. The secretary of a corporation has not apparent authority to draw checks or drafts. First National Bank of Kansas City v. Hogan, 47 Mo. 472; Karsch v. Pottier & Stymus Mfg. & Imp. Co., 82 App.Div. 230, 81 N.Y.S. 782; see, also, Jacobus v. Jamestown Mantel Co., 211 N.Y. 154, 105 N.E. 210; Blood v. Marcuse, 38 Cal. 590, 99 Am.Dec. 435. So the appellant was put on notice that the checks would bind the company only if Knapp had actual authority to draw them. In other words, she took them at her peril. Having failed to prove that he did have

authority, she has no just cause to complain that her claim was disallowed.

The order is affirmed as to expunging the claim. The appeal is dismissed as to that part of the order which denied the appellant's motion for reargument or for leave to supplement the evidence.