## BACHE et al. v. LOUISIANA OIL REFINING CORPORATION et al.

### No. 8663.

Circuit Court of Appeals, Fifth Circuit.

June 11, 1938.

---

Sidney. L. Herold, of Shreveport, La., H. Struve Hensel, of New York City, and Charles I. Denechaud and Joseph A. Mc-Caleb, both of New Orleans, La., for appellants.

Elias Goldstein, H. C. Walker, Jr., Robert Roberts, Jr., and Howard B. Warren, all of Shreveport, La., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This case presents two separate second appeals from a judgment approving a plan of reorganization of Louisiana Oil Refining Corporation and its wholly owned subsidiary, Louisiana Oil Corporation, under the provisions of section 77B, National Bankruptcy Act, as amended, 11 U.S.C.A.

§ 207. On former appeals the judgment was set aside on the grounds that the district judge had failed to exercise his discretion in denying the applications of appellants to withdraw their acceptance of a proposed plan of reorganization; and that a hearing had not been had to consider an amended plan before its approval. Continental Ins. Co. v. Louisiana Oil Ref. Corp., 5 Cir., 89 F.2d 333. We refer to that decision for a statement of the case in general and will review only the facts pertinent to these appeals.

After the cause was remanded a hearing was had on June 24, 1937, after thirty days' notice. A few days prior to the hearing, on June 19, 1937, pleas to the jurisdiction and in abatement were filed by one of the appellants, Torquay Corporation, on these grounds; that pending the decision on the first appeal the district court had approved the transfer of the assets of the debtor to the Arkansas Fuel Oil Co.; and that the debtor had been dissolved by a Virginia court, the state of its incorporation. On the day of the hearing appellants for the first time disputed the debt claim of Arkansas Fuel Oil Co.; challenged the accuracy of the audit of the books of the debtor and the appraisement of the debtor's assets; asked that the court appoint other attorneys to represent the debtor, on the ground its present attorneys were also counsel for the controlling corporations; sought to file an intervention setting up a counterclaim exceeding the amount of the debt claimed by Arkansas Fuel Oil Co.; and renewed their applications to withdraw their consent to the approval of the proposed plan. After a full hearing the district court overruled the pleas to the jurisdiction and in abatement; again denied the right of appellants to withdraw their consent to the approval of the plan; denied their application to intervene; overruled all other objections of appellants; and reapproved the amended plan of reorganization. These appeals are from that judgment.

■ The law of Virginia provides, in substance, that dissolved corporations shall be continued for such length of time, not exceeding three years, as may be necessary for the purpose of prosecuting or defending suits, to enable them to gradually settle and close their business, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which organized. Section 3810, Va.Code, as amended by chapter 315 of the Acts of 1930. The former appeals were without supersedeas and did not stay proceedings in the district court. The plan approved necessarily contemplated the dissolution of the debtor as a corporation. All the assets of the debtor were in the custody of that court when the appeals were taken and, although they were actually transferred to Arkansas Fuel Oil Co. in compliance with the plan of reorganization, with the reversal of the judgment the district court was again vested with jurisdiction over them. The dissolution of the corporation did not deprive the court of jurisdiction nor did the bankruptcy proceedings abate thereby. It was not error to overrule the pleas to the jurisdiction and in abatement. Old Fort Improvement Co. v. Lea, 4 Cir., 89 F.2d 286.

■ Appellants were the owners of less than twenty per cent of preferred stock and did not consent to the amended plan, nor did any other owners of preferred stock accept it prior to the rendition of the second judgment approving it. However, it is shown that since then, pending these appeals, owners of over 60 per cent of the outstanding preferred stock have accepted the plan and have deposited their stock. The plan had previously been accepted by the owners of more than a majority of the common stock and the owners of more than two-thirds of the debt. No change was made as to this. Also, it may be presumed that the parties in interest who have not appealed have acquiesced in the judgment. Therefore, the question of whether the district court erred in again refusing to let appellants withdraw their consent to the plan has become moot and need not be further considered.

■ The counterclaim alleged acts of Cities Service Company and Arkansas Fuel Oil Company causing damage to the debtor through the building and operation of a pipe line, the improper charging of certain expenses to the debtor by the corporations controlling it, and the charging of excessive prices for crude oil sold to the debtor. The issues presented were substantially the same as were previously considered on an intervention of common stockholders. Considering the vagueness of the allegations of the pleading and the long delay in presenting it, we find no abuse of discretion in refusing to permit appellants to intervene to set up a counterclaim. If it is meritorious appellants have

448

lost no rights by that action of the court. Southern Pacific Co. v. Bogert, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099.

On June 11, 1935, the district court entered an order fixing the time for approving claims at not later than September 15, 1935, and providing that the usual bankruptcy forms for proof of debt should be used, substituting the word "debtor" for "bankrupt." In compliance therewith Arkansas Fuel Oil Co. filed a proof of debt on September 14, 1935, claiming a total indebtedness of $9,019,465.75. Appellants contend this proof of debt was without effect and rely upon the case of In re Annin & Co., 2 Cir., 95 F.2d 381. That case is not in point as it does not therein appear that the district judge had determined the manner in which claims should be filed. We consider the order in this case complies with the provisions of Section 77B(c) (6), 11 U.S.C.A. § 207(c) (6), and the claim filed was prima facie proof. No evidence was offered to rebut it and there was evidence tending to support it and to show that the debt had greatly increased.

Of course, appellants would be entitled to relief if the plan of reorganization infringed their rights. The debtor and Arkansas Fuel Oil Co., from whom the debtor purchased more than 80 per cent. of its crude oil were controlled by Arkansas Natural Gas Co., which corporation was in turn controlled by Cities Service Co. The debtor and Arkansas Natural Gas Corporation had the same officers. In that situation the burden was on Arkansas Fuel Oil Co. and Arkansas Natural Gas Corporation to prove the fairness of the intercorporation transactions. But fairness being shown, such transactions are not of themselves illegal. Geddes v. Anaconda Copper Mining Co., 254 U.S. 590, 41 S.Ct. 209, 65 L.Ed. 425. There was evidence tending to show that the prices charged the debtor for crude oil, in the aggregate, were not on a higher basis than the prices charged other buyers by Arkansas Fuel Oil Co. or the market prices and in some instances were lower than market prices or prices charged others and that the business of the debtor was well managed by its officers. There was no evidence to rebut this. The burden of showing fair dealing has been sustained.

The district court found as facts: that the fair value of all the property of the debtor and its subsidiary exceeds their liabilities but the fair value of all the property in use is less than the debts and the securities or cash to be distributed to stockholders under the proposed plan; that the fair value of each share of preferred stock at no time during the proceedings exceeded $24, and that the fair value of 2½ shares of the preferred stock of the Arkansas Fuel Oil Co. is $25. The record supports these conclusions.

Other contentions of appellants are without merit and do not require discussion.

Reversible error not appearing, the judgment is

Affirmed.