**In re THARP ICE CREAM CO., Inc.**

No. 20117.

District Court, E. D. Pennsylvania.
Dec. 5, 1938.

Ben-Zion D. Oliensis, of Philadelphia, Pa., for debtor-exceptant.

MARIS, Circuit Judge.

This is a reorganization proceeding commenced under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The reorganization plan submitted by the debtor was referred to a special master for consideration. It has been agreed to by the requisite majorities of creditors and stockholders and its approval is recommended by the special master with a condition to which we shall refer presently. No opposition to the plan was offered either before the special master or in this court.

The plan makes special provision for the payment of certain secured and prior claims and then provides that all unsecured creditors shall receive in payment and full satisfaction of so much of their claims as is represented by the sum of $100 or multiples of that sum 6% preferred stock of the debtor at par. The balance of their claims over and above $100 or multiples thereof, and the entire claims of those whose claims are less than $100, are to be paid in cash in installments.

Although not disclosed by the plan it appears from the evidence that the presently existing capital structure of the debtor consists of 1311 shares of preferred stock of the par value of $100 each and 1000 shares of common stock without par value, of which 300 are Class A shares and 700 Class B shares. The Class B common shares have full voting power, the Class A common shares having no voting power, and the preferred shares have voting power only in case of a default in payment of preferred dividends continuing for a period of two years. All of the shares of stock above referred to are presently outstanding with the exception of 189 preferred shares which are in the treasury of the debtor. 885 shares of preferred stock will be distributable to creditors under the plan. In order to provide these shares present preferred stockholders are contributing 696 shares which, together with 189 shares now in the treasury, will provide the necessary number.

If the plan is carried out as proposed the present unsecured creditors will hold 885 shares of the preferred stock. The existing preferred stockholders will retain 615 shares having the same rights and privileges and there will in addition remain outstanding 1,000 shares of common stock in the hands of the present common stockholders. The special master has found upon sufficient evidence that the debtor is insolvent and this finding we approve. It follows that the present stockholders have

no interest in the debtor. Nevertheless under the plan of reorganization they will continue to retain 615 shares of preferred stock of exactly the same kind as are being given to present creditors in payment of their claims and in addition will retain 1,000 common shares and full voting control of the corporation. Curiously enough this plan, which places stockholders who have no present interest on an equality with general creditors, has been approved by 94% in amount of these creditors. It may well be that this result was reached by reason of the omission of the plan to disclose this situation. Regardless of this, however, we find ourselves unwilling to say that such a plan is fair and equitable.

The special master in recommending the confirmation of the plan suggested that such confirmation be upon condition that the plan be amended so as to give the preferred stockholders full power to elect three-fifths of the board of directors at the expiration of sixty days after any default in the payment of preferred dividends. It is to this recommendation that the exception filed by the debtor is directed. The exception must be overruled. The proposed amendment is in line with the policy of the law as laid down by Section 216(12) (a) of the Bankruptcy Act, as recently amended by the Chandler Act, 11 U.S.C.A. § 616(12) (a), as follows:

"Sec. 216 [§ 616]. *A plan of reorganization under this chapter* * * *

"(12) shall provide for the inclusion in the charter of the debtor, or any corporation organized or to be organized for the purpose of carrying out the plan, of—(a) provisions prohibiting the debtor or such corporation from issuing non-voting stock, and providing, as to the several classes of securities of the debtor or of such corporation possessing voting power, for the fair and equitable distribution of such power among such classes, including, in the case of any class of stock having a preference over other stock with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default in the payment of such dividends; * * *."

Under the provisions of the Chandler Act this section is not applicable to reorganization proceedings instituted prior to the amendment unless its application is deemed to be practicable by the court. Its application in the present case is, however, not only practicable but eminently fair and equitable. As the special master points out, the present plan permits the control and management of the debtor to remain in the hands of the present stockholders whose interest has been completely wiped out. Creditors are given a portion of the preferred stock without any real power to enforce their preference.

The amendment recommended by the special master does not, in our opinion, go far enough, however. We think that fair dealing and equity demand in a situation where stockholders are asking to retain a position which is not supported by a present interest in the debtor's assets, that full voting control of the corporation be given to the creditors. In the present case this may be accomplished by an amendment to the plan which will give to the preferred stock full voting rights on an equality, share for share, with the Class B Common stock and by a further amendment which will reduce the number of common shares from 1,000 to 100, each 10 present common shares being converted into 1 new common share. These amendments are obviously for the benefit of the creditors and consequently need not be submitted to them for their approval.

In addition to this, as we have intimated above, we cannot approve as fair and equitable a plan which permits existing stockholders having no equity whatever in the debtor to retain preferred stock which will share in all respects equally with the preferred stock being given to creditors in payment of their claims. It might well be urged that the existing stockholders should not be permitted to participate at all. In re Day & Meyer, Murray & Young, 2 Cir., 93 F.2d 657. In any event, however, fair dealing and equity demand that these existing preferred stockholders give up their preferences and concede a prior position to the creditors. Price v. Spokane Silver & Lead Co., 8 Cir., 97 F.2d 237. This may take the form of an exchange of their shares for newly authorized second preferred or common shares as they may elect, but an amendment to accomplish this subordination of the interests of the existing preferred stockholders must be made if the plan is to be confirmed. This amendment is likewise wholly for the benefit of the creditors and need not be resubmitted to them.

The exceptions to the report of the special master are dismissed and the report is confirmed, modified to the extent herein indicated. A decree may be entered confirming the plan, conditioned upon its being amended as herein indicated.