**In re PHILADELPHIA & READING COAL & IRON CO.**

**Appeal of SCHRAGER.**

**No. 7129.**

Circuit Court of Appeals, Third Circuit.

June 30, 1939.

Archibald Palmer, New York City, and Jenkins, Bennett & Libby, of Philadelphia, Pa., for appellant.

Henry Alan Johnston, of New York City for stockholders of debtor.

Arthur Littleton, of Philadelphia, Pa., (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for debtor.

Allen Hunter White, of Philadelphia, Pa., for Philadelphia debenture holders' committee.

Chester T. Lane, Gen. Counsel, Securities and Exchange Commission, and Martin Riger, both of Washington, D. C., Morton E. Yohalem, of New York City, and Leon S. Alschuler, of Washington, D. C., (J. Anthony Panuch, of New York City, of counsel), for Securities and Exchange Commission.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

In the reorganization proceeding of the Philadelphia and Reading Coal and Iron Company instituted in the court below under Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, a reorganization plan which accords recognition to existing stockholders has been proposed by creditors and referred by the court to a special master for hearing and report. Thereafter a creditor filed a petition praying (1) that the debtor in possession of its property be directed to proceed against the Philadelphia and Reading Coal and Iron Corporation to recover a debt of $297,591.32 and (2) that the court proceed to determine the solvency or insolvency of the debtor. On May 15, 1939 the court below denied both prayers of the petition. Lawrence Schrager, a creditor, has appealed.

Considering the second question first we note that the court's action was based upon the view expressed in its opinion that "The question of the solvency or insolvency of the Debtor Company cannot be determined until after the adoption or rejection of a plan of reorganization because the plan may change the debt structure of the Debtor Company." In denying the petition upon this ground the court committed a clear error of law since it is the status of the debtor before reorganization which is significant and not its condition thereafter. A plan of reorganization of an insolvent debtor may not over the objection of a single creditor be approved as fair and equitable if it diverts to the stockholders any of the assets which by reason of the insolvency of the debtor belong solely to the creditors. In re 620 Church Street Building Corporation, 299

U.S. 24, 57 S.Ct. 88, 81 L.Ed. 16; In re Barclay Park Corporation, 2 Cir., 90 F. 2d 595; In re Day & Meyer, Murray & Young, 2 Cir., 93 F.2d 657; Price v. Spokane Silver & Lead Co., 8 Cir., 97 F.2d 237; Sophian v. Congress Realty Co., 8 Cir., 98 F.2d 499. Consequently it is necessary that the court determine the solvency or insolvency of the debtor before the plan of reorganization is approved. Only in the light of that determination can the court ascertain whether the stockholders may properly be permitted to participate in the reorganization.

Returning to the first question raised in the court below we learn from the record that the Philadelphia and Reading Coal and Iron Corporation owns all the stock of the debtor and has no assets except that stock and $400 in cash. The amount of the debt is not disputed but it is contended that it is not in reality a debt owing by the Corporation to the debtor but represents advances made to meet the fees of registrars and transfer agents and other expenses of maintaining the corporate existence of the Corporation. The Corporation was organized under a decree of the court below made pursuant to the opinion of the Supreme Court in Continental Insurance Co., et al. v. United States, Reading Company et al., 259 U.S. 156, 42 S.Ct. 540, 66 L.Ed. 871. In the light of this decree it is contended that the expenses in question were intended to be borne by the debtor, the Corporation being but an agency or device set up to facilitate the separation of the debtor from the Philadelphia and Reading Railway Company.

The court below did not pass upon these contentions, however, but held that since the prosecution of a suit might deprive the Corporation of its status as a stockholder of the debtor it should not be instituted. It is conceded that the only substantial asset of the Corporation is its stock in the debtor. If the debtor is insolvent that stock is worthless and the debt, even if valid, is uncollectible. Consequently, it is only if the debtor is found to be solvent that it will become necessary to determine the validity of the debt and the proper manner of enforcing it or preserving it for the reorganized company.

The Philadelphia and Reading Coal and Iron Corporation has moved to dismiss this appeal. We find the motion to be without merit. It is accordingly denied. The order appealed from is reversed with directions to the court below itself to determine the solvency or insolvency of the debtor without reference to a special master and thereupon to direct such action to be taken by the debtor with respect to the debt alleged to be due and owing by the Philadelphia and Reading Coal and Iron Corporation as justice may require.