### MARA VILLA REALTY CO. et al. v. WEADOCK et al.

Nos. 8228, 8229.

Circuit Court of Appeals, Sixth Circuit.

Sept. 18, 1939.

George E. Brand, of Detroit, Mich., for appellant Jas. I. D. Straus, trustee.

Morris Garvett, of Detroit, Mich., for appellant Mara Villa Realty Co.

Paul Weadock, of Detroit, Mich., in pro. per.

Anderson, Wilcox, Lacy & Lawson and Irving H. Small, all of Detroit, Mich., for appellee Bondholders' Protective Committee of Mara Villa Bond Issue.

Chester T. Lane, Joseph L. Weiner, and Samuel H. Levy, all of Washington, D. C., Ben S. Warren, Jr., of Detroit, Mich., and Homer Kripke, of Washington, D. C., for Securities & Exchange Commission.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

PER CURIAM.

These causes were heard upon the transcript of the record, briefs and argument of counsel, and it appears therefrom that appellants are appealing from orders of the District Court rejecting the debtor's plan of reorganization under 77B of the Bankruptcy Act as amended, 11 U.S.C.A. § 207, and the making of the Securities and Exchange Commission a party to the proceedings sua sponte. It further appears in these appeals that the debtor has abandoned its plan of reorganization rejected by the lower court and has filed herein a substituted plan, which has the approval of the Securities and Exchange Commission and other interested parties and the parties pray that the plan as modified be approved by this Court or, in the alternative, that these causes be remanded to the District Court with definitive instructions that it enter such orders.

On consideration whereof, it is now ordered and adjudged by this Court that these causes be remanded to the District Court for consideration of the substituted plan but without prejudice to the rights of any of the parties to there submit additional reorganization plans. We do not pass on the substituted plan submitted herein.

The approval of the Securities and Exchange Commission of the debtor's modified plan, makes it unnecessary for us to consider the error assigned to its intervention in the proceedings in the lower court. Bache v. Louisiana Oil Refining Corporation, 5 Cir., 97 F.2d 445. That question is unavailing, as appellants have not shown injury. In re 620 Church Street Bldg. Corporation, 299 U.S. 24, 27, 57 S.Ct. 88, 81 L.Ed. 16.