WHITMORE PLAZA CORPORATION et al.
v. SMITH et al.

Nos. 8271, 8272.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1940.

Shirley T. Johnson and George E. Brand, both of Detroit, Mich. (Miller, Baldwin & Boos and Yerkes, Goddard & McClintock, all of Detroit, Mich., on the brief), for appellants Whitmore Plaza Corporation and others.

Samuel B. Keene, of Detroit, Mich., for a bondholder.

Armstrong, Weadock, Essery & Helm and Joseph J. Marshall, all of Detroit, Mich., for appellee Wallace O. Line.

Chester T. Lane and Martin Riber, both of Washington, D. C., Louis Peirce, of Cleveland, Ohio, and Wm. L. Cary, of Washington, D. C., for Securities and Exchange Commission.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

HICKS, Circuit Judge.

On March 4, 1937, Whitmore Plaza Corporation, a Michigan corporation (herein called the debtor), filed a petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. It owned and operated "Whitmore Plaza," an apartment house in Detroit. The building was constructed in 1928 and was conveyed by its original owners through mesne conveyances to the debtor. The debtor's deed was dated April 10, 1936, and it paid for the property out of its capital stock ($1,000) and the assumption of a first mortgage bond issue of $260,000. Appellant Straus was the trustee under the mortgage. The bond issue was declared due on April 27, 1933; foreclosure proceedings were instituted in an appropriate state court and are still pending.

SIMONS, Circuit Judge, dissenting.

———◇———

On May 7, 1937, the District Court approved the petition and by an order of that date, and by a subsequent order, continued Standard Management Company, Inc., the agent of the debtor, in the operation and management of the property. Straus as trustee was permitted to intervene.

On July 13, 1937, the petitioner presented its plan and Smith, a bondholder, intervened and objected thereto.

On November 14, 1938, the court, pursuant to the provisions of Sec. 276, sub. c (2) of Article XVI, Ch. X of the Chandler Act, 11 U.S.C.A. § 676, sub. c (2), requested the Securities and Exchange Commission to intervene.

After divers hearings the court on December 6, 1938, filed its findings of fact and conclusions of law. It found that only $10,000 had been paid upon the principal of the mortgage debt and that payments upon the principal had been in default since June 15, 1932, and upon the interest since December 15, 1932, and that the total value of the property was approximately $210,000. It accordingly found that the debtor was insolvent.

The features of the plan here material are: That the time for the payment of the principal and interest was to be extended to December 14, 1945; that the interest rate was to be reduced from 6% to 3½% for two years; to 4% for the next two years and 4½% for the remaining six years; that approximately $35,000 in earned interest was to be canceled and the remainder was to be paid in cash upon consummation of the plan.

The court further found that under the plan the stockholders would make no added contribution of capital and that there was no equity for stockholders.

It further found that the proposed plan was not fair, equitable nor feasible and that it directly diverted to stockholders assets which belonged to the bondholders.

These findings having been made after the passage of the Chandler Act, the court included therein a direction that an order be entered appointing Wallace O. Line as trustee and making Section 169, Art. VII, Ch. X of the Revised Bankruptcy Act (the Chandler Act), 11 U.S.C.A. § 569, applicable and directing the trustee to present a plan or amendments before January 16, 1939, which would remove the objections to the plan then before the court.

Orders appropriate to these findings were entered and the appeals are:

(1) From the order allowing the Securities and Exchange Commission to intervene (No. 8271); (2) the order appointing Line trustee; and (3) the order denying the confirmation of the plan (No. 8272).

■ We think that the order disapproving the plan should be affirmed. Notwithstanding the sacrifices to be made by the bondholders, the plan provides that "no rights of stockholders are to be changed." We think the proposed plan was unfair upon the grounds and for the reasons set forth in the opinion in the similar case of Metropolitan Holding Co. et al. v. Paul E. Weadock, Examiner, et al., 6 Cir., 113 F.2d 207, this day decided. We do not regard it necessary to repeat the discussion in that case. We cite the following additional authorities: In re Day & Meyer, Murray & Young, Inc., 2 Cir., 93 F.2d 657; In re Philadelphia & Reading Coal & Iron Co., 3 Cir., 105 F.2d 357.

■ There was no reversible error in allowing the Securities and Exchange Commission to become a party. Section 208 of the Chandler Act, 11 U.S.C.A. § 608, authorizes the Commission to become a party upon the request of the judge; and Section 173, 11 U.S.C.A. § 573, permits the judge, before the approval of any plan, to submit it to the Commission for examination and report; and Section 276, sub. c, 11 U.S.C.A. § 676, sub. c, makes the provisions of the Chandler Act applicable to the extent that the judge shall deem their application practicable.

■ For the same reason there was no abuse of discretion in the appointment of Line as trustee. The appointment was authorized by Section 156 of the Chandler Act, 11 U.S.C.A. § 556, if the court deemed it practicable. In re Old Algiers, Inc., 2 Cir., 100 F.2d 374. The purpose was to have a trustee who in aid of the court would "prepare and file a plan" in accordance with Section 169 of the Chandler Act, 11 U.S.C.A. § 569. The trustee was not authorized to interfere with the existing management arrangement of the property until the further orders of the court. The debtor has suffered no injury by the appointment. Wilton Realty Corp. v. Paul E. Weadock, Examiner, et al., 2 Cir., 106 F.2d 1022.

■ In the oral argument, and in a writing, the debtor proposes to incorporate

212

in the plan its offer to cancel $50,000 par value of the outstanding bonds together with the attached interest coupons and moves this court to approve the plan as so amended. We decline to express an opinion upon whether such an amendment would render the plan fair and equitable. There is no sufficient basis in the record for such a finding, assuming that we are empowered to make it. We think that logical and equitable procedure indicates that this offer should first be considered by the District Court or by the trustee appointed thereby to prepare and report a plan. See Mara Villa Realty Co. et al. v. Weadock et al., 6 Cir., 106 F.2d 819.

The orders appealed from are affirmed and the case is remanded to the District Court for proceedings consistent herewith.

SIMONS, Circuit Judge. (dissenting).

I am unable to agree with the decision for the reasons stated in my dissent to the decision in Metropolitan Holding Company et al. v. Weadock et al., supra, this day decided, with the added observation that I see no good reason why the court may not properly consider the amended offer proposed by the debtor in determining whether the plan proposed is fair and equitable, notwithstanding the decision in Mara Villa Realty Co. et al. v. Weadock, 6 Cir., 106 F.2d 819. I think the plan as amended should be approved and the orders of the District Court reversed.