**In the Matter of SOUTHERN MOTOR LINES, Debtor.**

No. 2248.

United States District Court, S. D. Texas, Houston Division.

March 7, 1955.

Butler, Binion, Rice & Cook, O. Don Crites, Jr., Houston, Tex., Rawlings, Sayers, Scurlock & Eidson and Reagan Sayers, Fort Worth, Tex., for debtor.

KENNERLY, District Judge.

This is a proceeding under Chapter 10 of the Bankruptcy Act, § 501 et seq., Tit. 11 U.S.C.A. to reorganize the Southern Motor Lines, a Texas corporation, for brevity called Debtor.

The Executive Committee provided for in the heretofore approved plan of reorganization has presented a draft of an

---

order seeking this Court's approval of proceedings looking to the dissolution of the Debtor's corporate existence.[1]

The facts are as follows:

(a) The plan of reorganization (accepted by the requisite number of stockholders and creditors and confirmed by the Court, and which has now been fully carried out) called for the sale of the physical assets, permits under Transportation Act and other properties of Debtor, the collection of its outstanding accounts, etc., and the payment of the proceeds of such sales and such collections to creditors.

(b) The sums thereby realized were sufficient to pay priority and secured creditors and a substantial amount to unsecured creditors. The stockholders were paid nothing.

(c) A final decree has been entered in accordance with Section 628, Title 11 U.S.C.A., discharging Debtor from all its debts and liabilities and terminating all the rights and interests of the stockholders in such properties, etc.[2]

(d) So that as matters now stand Debtor is still in existence as a Texas corporation with all the rights and privileges given it by and under the laws of Texas, but it has no properties or assets of any kind.

1. Counsel are able to find and I am cited to only one case bearing on the question to be decided. Bache v. Louisiana Oil & Refining Corporation, 5 Cir., 97 F.2d 445(5), 447.

In that case one of the corporations being reorganized had been incorporated under the laws of the State of Virginia,

---

1. (1) A plan of reorganization was presented to and approved by this Court and Judge in the captioned proceedings. In the order approving such plan of reorganization this Court and Judge found and held no equity to be in the stockholders.

(2) The plan of reorganization described in (1) above was accepted by the requisite percentage of creditors, secured and unsecured, and subsequently Orders of Confirmation and Consummation were entered by this Court and Judge.

(3) Since the approval of the plan of reorganization and the findings and decree by this Court and Judge that the stockholders of Debtor Corporation had no equity therein, the affairs of Debtor have been operated, managed, and controlled, under the direction of this Court and Judge, by an Executive Committee designated by this Court and Judge, in lieu of the stockholders, officers, and directors thereof.

(4) The presently constituted and acting Executive Committee of Debtor Corporation is composed of George P. Kosub, Martin Hamilton and J. C. Byrom, Jr.

(5) Since the entry of the Order of Consummation, no further need exists for the continued existence of Southern Motor Lines as a corporation, except that the said members of the Executive Committee should continue to act as trustees of said dissolved corporation under the laws of the State of Texas.

(a) The members of the Executive Committee shall forthwith file with the Secretary of State of the State of Texas a Certificate of Dissolution of Southern Motor Lines.

(b) The members of the Executive Committee, acting for and on behalf of this Court, shall, for the purposes of dissolution of such corporation, be treated as the sole legal and equitable owners of all the capital stock of Southern Motor Lines.

(c) The members of the Executive Committee, acting for and on behalf of this Court, and for the purposes of this dissolution, shall be endowed with the same duties, rights, privileges and liabilities of their representative capacity as officers, directors and stockholders of dissolved corporations under Arts. 1388 and 1389, R.S.Tex.1925, as amended.

2. Section 628, Title 11, U.S.C.A. is as follows: "Upon the consummation of the plan, the judge shall enter a final decree—

"(1) discharging the debtor from all its debts and liabilities and terminating all rights and interest of stockholders of the debtor, except as provided in the plan or in the order confirming the plan or in the order directing or authorizing the transfer or retention of property;

"(2) discharging the trustee, if any;

"(3) making such provisions by way of injunction or otherwise as may be equitable; and

"(4) closing the estate. July 1, 1898, c. 541, § 228, as added June 22, 1938, c. 575, § 1, 52 Stat. 899."

and during the reorganization proceedings it was dissolved by a Virginia Court. It was held that such dissolution did not deprive the Bankruptcy Court of jurisdiction of such reorganization proceedings, etc.[3] But it will be noted that that is not the question we have here.

■ 2. Under the provisions of the Bankruptcy Act relating to ordinary bankruptcy cases, Section 1, et seq., Title 11 U.S.C.A., it appears that when a corporation is adjudged a bankrupt such adjudication does not dissolve its corporate existence. This is also true under Chapter 10 of the Act, Section 501 et seq., Title 11 U.S.C.A. Under both a corporation may, after being discharged from its debts, continue to do business.

3. Under Chapter 10 and the facts here the only provision which authorizes or empowers this Court to take any action respecting the dissolution of Debtor's corporate existence is found in Chapter 10, Section 627, Title 11 U.S.C.A., which I quote:

"The court may direct the debtor, its trustee, any mortgagees, inden-

ture trustees, and other necessary parties to execute and deliver or to join in the execution and delivery of such instruments as may be requisite to effect a retention or transfer of property dealt with by a plan which had been confirmed, and to perform such other acts, including the satisfaction of liens, as the court may deem necessary for the consummation of the plan. July 1, 1898, c. 541, § 227, as added June 22, 1938, c. 575, § 1, 52 Stat. 899."

■■ I entertain no doubt that had it been found necessary to dissolve or cause to be dissolved the Debtor as a corporation, or to require its officers, stockholders or others to do so, that it could have been lawfully done under the section quoted. But it was not necessary. All instruments have been executed and all acts performed by all persons necessary for the consummation of the plan, and it has been consummated. It it clear that the Motion of the Executive Committee should not be granted.

Let an order be drawn and presented denying it.

3. The Court of Appeals uses this language: "The law of Virginia provides, in substance, that dissolved corporations shall be continued for such length of time, not exceeding three years, as may be necessary for the purpose of prosecuting or defending suits, to enable them to gradually settle and close their business, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which organized. Section 3810, Va.Code, as amended by chapter 315 of the Acts of 1930. The former appeals were without supersedeas and did not stay proceedings in the district court. The plan approved necessarily contemplated the dissolution of the debtor as a corporation. All the assets of the debtor were in the custody of that court when the appeals were taken and, although they were actually transferred to Arkansas Fuel Oil Co. in compliance with the plan of reorganization, with the reversal of the judgment the district court was again vested with jurisdiction over them. The dissolution of the corporation did not deprive the court of jurisdiction nor did the bankruptcy proceedings abate thereby. It was not error to overrule the pleas to the jurisdiction and in abatement. Old Fort Improvement Co. v. Lea, 4 Cir., 89 F.2d 286."